**FEDERAL HOME LOAN MORTGAGE CORPORATION, Plaintiff,**

v.

**HOLME CIRCLE REALTY CORP., Defendant.**

**Civ. A. Nos. 92–CV–4751, 92–CV–5002.**

United States District Court, E.D. Pennsylvania.

Oct. 8, 1992.

---

**136**

Maria R. McGarry, Ballard, Spahr, Andrews and Ingersoll, Philadelphia, Pa., for plaintiff.

1. The two cases are docketed at Case Nos. 92–4751 and 92–5002. Copies of this Memorandum, along with an appropriate Order, will be filed on the dockets of both cases.

Steven E. Ostrow, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for Philip B. Lindy, movant.

## MEMORANDUM AND ORDER

ROBRENO, District Judge.

Presently before the Court are two cases relating to the extent, priority and validity of various parties' interests in a residential apartment complex known as Holme Circle Apartments, located at 2740–2800 Axe Factory Road, Philadelphia, Pennsylvania ("the Property").[1] The issue before the Court is the impact on these cases of the filing of a Chapter 11 bankruptcy petition by a party to one of the two cases. Because I find that the party who filed for bankruptcy asserts a legal or equitable interest in the Property which is the subject of both cases, the Court will take no further action in these cases pending further developments in the bankruptcy proceeding. As described more fully below, the Court will place one of the cases in suspense status and will hold all pending motions in the other case in abeyance.

### A. *Background*

Federal Home Loan Mortgage Corporation ("FHLMC") the plaintiff in both cases, claims to be the holder of a first mortgage ("First Mortgage") on the Property. The First Mortgage was executed by defendant Holme Circle Realty Corporation ("Holme") on February 11, 1987.[2] At least three other mortgages on the property were granted after the execution of the First Mortgage. The three known junior mortgagees are Kislak National Bank, N.A. ("Kislak"), Quaker Financial Services, Inc. ("Quaker") and Philip B. Lindy ("Lindy").

On August 13, 1992, FHLMC confessed judgment against Holme pursuant to the cognovit clause in the First Mortgage based on Holme's alleged failure to make payments required thereunder. The confession of judgment action was filed at

2. The original first mortgagee was J.I. Kislak Mortgage Company. J.I. Kislak Mortgage Company assigned its interest in the mortgage to FHLMC on the same day the mortgage was executed.

Case No. 92–4751. Holme was the only named defendant in that action. On that same date, FHLMC filed a petition for the appointment of a receiver to manage the Property. Kislak and Lindy have moved to intervene in these proceedings.[3]

On August 28, 1992, FHLMC filed an action for mortgage foreclosure (Case No. 92–5002), naming Holme, Bernard Cohen (the principal of Holme to whom Holme had allegedly transferred the Property in 1988), Kislak, Quaker, and Lindy as defendants.

The Court scheduled an evidentiary hearing on FHLMC's Motion for Appointment of a Receiver for September 3, 1992. Prior to the commencement of the hearing, however, counsel for Holme informed the Court that the current owner of record of the Property, Cohen, had, earlier that same day, filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code, along with his wife Dale L. Cohen.[4] In light of this information, and after conference with counsel, the Court issued an Order that, *inter alia*, continued the hearing on the appointment of a receiver.

B. *Discussion*

■ The filing of a bankruptcy petition triggers the imposition of a stay in actions against the debtor or against property of the debtor. 11 U.S.C. § 362(a); *See generally Borman v. Raymark Industries*, 946 F.2d 1031 (3d Cir.1991). Property of the debtor is expansively defined by the Bankruptcy Code to include "all legal and equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). All parties agree that continuation of the mortgage foreclosure case which seeks to extinguish the debtor's legal interest in the Property is barred by the automatic stay. *See* 11 U.S.C. § 362(a)(4) (barring enforcement of a lien

against property of the estate); *In re Schwartz*, 954 F.2d 569, 571 (9th Cir.1992) (automatic stay stops "all foreclosure actions"), *citing* H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1978), *reprinted in* U.S.C.C.A.N. 5787, 5963, 6296–97. Therefore, Case No. 92–5002, the instant action in mortgage foreclosure, will be placed in suspense status.

■ Case No. 92–4751, the action in which Holme is the sole defendant, presents a slightly different situation. Holme is an entity separate and apart from the debtor and it is not in bankruptcy. Generally, the automatic stay does not extend to actions against entities which although controlled by the debtor possess an independent juridical personality. 2 Collier on Bankruptcy § 362.04 (L. King 15th ed. 1990). *But Cf., In re Monroe Well Service, Inc.*, 67 B.R. 746 (Bankr.E.D.Pa.1986). (barring action against certain non-debtor principals of the debtor pursuant to 11 U.S.C. § 105 based on a finding that continuation of the action would harm debtor's prospect for reorganization). However, in this case, Cohen himself, and not through control or ownership of Holme, is asserting an interest in the Property as a result of the alleged transfer of legal title from Holme to Cohen. *See* 11 U.S.C. § 541(a). Under those circumstances, appointment of a receiver to operate the Property as to which Cohen personally asserts a claim to legal title would constitute an act "to exercise control over [a property interest] of the estate", 11 U.S.C. § 362(a)(3), and thus would be barred by the automatic stay. *See also* 11 U.S.C. § 362(a)(2) (barring execution against property of the debtor's estate). The Court, therefore, will hold FHLMC's petition for appointment of a re-

---

3. More specifically, Kislak and FHLMC have submitted a stipulation allowing Kislak to intervene. The Court has construed this stipulation as a motion to intervene on behalf of Kislak. Lindy filed a separate motion to intervene.

4. It appears that the property was transferred from Holme to Mr. Cohen in 1988. Mr. Cohen had allegedly been a principal of Holme prior to Holme's alleged dissolution in December of

1988. As noted above, Mr. Cohen is a defendant in 92–5002, but is not a defendant in 92–4751. Counsel for Holme informed the Court at the September 3, 1992 hearing that he was also representing Mr. Cohen in the 92–5002 proceedings, and that Mr. Cohen had authorized him to act on Mr. Cohen's behalf, to the extent necessary, in 92–4751.

ceiver in abeyance.[5] The pending motions relating to that petition (Lindy's motion to intervene, FHLMC's motion to consolidate, and the stipulation filed by Kislak and FHLMC as construed by the Court as an unopposed motion to intervene) will also be held in abeyance pending further developments in the Bankruptcy Court.

The Court's act of placing these actions in suspense/abeyance shall have no effect on any party's substantive rights to any form of relief that may be available in any other proceeding, including proceedings before the Bankruptcy Court. Nor should the Court's actions be construed to limit the right of FHLMC to pursue execution against other assets of Holme, which, unlike the Property, are not subject to the automatic stay.

Appropriate orders will be entered in both 92–4751 and 92–5002.[6]

---

5. Because Case No. 92–4751 was commenced by the entry of a judgment by confession, *see* Pa. R.Civ.P. 2950 *et seq.*, for statistical purposes under the current practice of the Clerk of Court, the case is considered "closed" (one in which judgment has been entered). Since the case is considered closed, it is not subject to being placed in "suspense" status. Proceedings which are conducted in a "closed" case, such as proceedings in aid of execution, may be held in "abeyance"—removed for statistical purpose from the Court's active docket. There is no substantive difference between a case being placed in "suspense" in an open case and the motions being held in "abeyance" in a closed case.

6. At the September 3, 1992 hearing, both FHLMC AND Kislak informally suggested that this Court should "refer" these proceedings to the Bankruptcy Court. Alternatively, Holme suggested that the matters be dismissed. Initial-

ly, the Court notes that it is not clear whether "referral" from the District Court to the Bankruptcy Court is appropriate under these circumstances. *Compare In Re Bankruptcy Administration*, Standing Order of Reference, July 25, 1984 (E.D.Pa.1984) (Luongo, Ch. J.) *with* 28 U.S.C. § 1452(a). Even assuming, *arguendo*, that such a reference is appropriate, the Court, in the interests of judicial economy, will not refer or dismiss these actions. The Cohen bankruptcy case was filed only recently and it is not clear yet whether these matters may again need the attention of the District Court as a result, for example, of relief from stay permitting either or both of these cases to proceed, *See* 11 U.S.C. § 362(d), or withdrawal of the reference of all or part of the bankruptcy case. *See* 28 U.S.C. § 157(d). In that event, judicial economy will be served by having these matters heard by this Court which is already familiar with these transactions.