In re: **Russell SCHWARTZ; Linda Schwartz, Debtors.**

Russell **SCHWARTZ;** Linda Schwartz, **Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 90–35830.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 31, 1991.

Decided Jan. 22, 1992.

Joseph L. Koplin, Moschetto and Koplin, Bellevue, Wash., for debtors-appellants.

Gary R. Allen, Tax Div., U.S. Dept. of Justice, Washington, D.C., for appellee.

Before WRIGHT, BEEZER and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

Debtors Russell and Linda Schwartz appeal from a Bankruptcy Appellate Panel (BAP) decision that an IRS tax penalty assessed in violation of the Bankruptcy Code's automatic stay provision is voidable but not void. We reverse the judgment of the BAP.

## BACKGROUND

The essential facts of this case are not in dispute. On February 25, 1983, the Schwartzes and their corporation, R.H. Schwartz Construction Specialties, Inc., filed a Chapter 11 bankruptcy petition. On October 8, 1984, the IRS, apparently unaware of the bankruptcy filing, assessed a 100% tax penalty, totaling $65,819.25, against Russell Schwartz pursuant to 26 U.S.C. § 6672 (1988). The Schwartzes did not challenge the tax assessment within the Chapter 11 bankruptcy and stipulated to their dismissal from the Chapter 11 bankruptcy on March 27, 1985.

In August 1987, the IRS filed a Federal Tax Lien with the King County Auditor pursuant to the penalty assessment. The IRS claimed that the penalty had increased to $86,296.60. On October 8, 1987, the Schwartzes filed a Chapter 13 bankruptcy petition. The IRS filed a Proof of Claim in the Chapter 13 bankruptcy on February 19, 1988, alleging that the Schwartzes owed the IRS $90,787.67 for the 1984 tax assessment.

The Schwartzes objected to the IRS claim. They argued that the tax assessment, which originally occurred during their prior Chapter 11 bankruptcy, violated the automatic stay provision of the Bankruptcy Code and was therefore void. The bankruptcy court agreed and ruled that the IRS tax assessment was void and without effect. The government appealed to the BAP, which rejected the Schwartzes' argument and reversed the judgment of the bankruptcy court. *In re Schwartz*, 119 B.R. 207 (1990). The BAP held that acts in violation of the automatic stay are voidable, not void. Because the tax assessment was not affirmatively challenged by the Schwartzes in the original Chapter 11 bankruptcy, the BAP held that the assessment was valid and enforceable in the subsequent Chapter 13 bankruptcy. This appeal followed.

## DISCUSSION

■ The sole issue before us is whether creditor violations of the Bankruptcy

Code's automatic stay provision are void or simply voidable. If violations of the automatic stay are void, the IRS tax assessment made against the Schwartzes in the Chapter 11 bankruptcy is without effect. If, however, such violations are merely voidable, the assessment is valid because the Schwartzes made no attempt to have the assessment voided in the Chapter 11 bankruptcy. The issue in this appeal is one of law; we review the BAP's conclusions of law de novo. *In re Taylor,* 884 F.2d 478, 480 (9th Cir.1989); *In re 268 Ltd.,* 877 F.2d 804, 805 (9th Cir.1989).

It is undisputed that the IRS tax assessment violated the Bankruptcy Code's automatic stay provision. 11 U.S.C. § 362(a)(4)–(6) (1988).[1] The Ninth Circuit has stated generally that violations of the automatic stay are "void". *See, e.g., In re Shamblin,* 890 F.2d 123, 125 (9th Cir.1989) ("Judicial proceedings in violation of [the] automatic stay are void."); *In re Stringer,* 847 F.2d 549, 551 (9th Cir.1988) ("Any proceedings in violation of the automatic stay in bankruptcy are void."). Although *Shamblin* and *Stringer* suggest that violations of the automatic stay are void and not merely voidable, the void/voidable distinction was not dispositive in those cases, and the Ninth Circuit has not directly addressed the precise issue presented in this appeal. *See Shamblin,* 890 F.2d at 124–26 (debtor affirmatively challenged and litigated potential automatic stay violation); *Stringer,* 847 F.2d at 550 (same).

■ Our decision today clarifies this area of the law by making clear that violations of the automatic stay are void, not voidable. *See In re Williams,* 124 B.R. 311, 316–18 (Bankr.C.D.Cal.1991) (recognizing that the Ninth Circuit adheres to the rule that violations of the automatic stay

are void and criticizing the BAP decision in this case).

Before addressing the interplay between various Code sections, we must emphasize that the automatic stay plays a vital role in bankruptcy. It is designed to protect debtors from all collection efforts while they attempt to regain their financial footing. As Congress stated:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his [or her] creditors. *It stops all collection efforts, all harassment, and all foreclosure actions.* It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6296–97 (emphasis added).

In light of the automatic stay's purpose, the issue before us requires some analysis of the relevant policy considerations. Either the debtor must affirmatively challenge creditor violations of the stay, or the violations are void without the need for direct challenge. If violations of the stay are merely voidable, debtors must spend a considerable amount of time and money policing and litigating creditor actions. If violations are void, however, debtors are afforded better protection and can focus their attention on reorganization.

Given the important and fundamental purpose of the automatic stay and the broad debtor protections of the Bankruptcy Code, we find that Congress intended violations of the automatic stay to be void rather than voidable. Nothing in the Code or the legislative history suggests that Congress intended to burden a bankruptcy debtor with an obligation to fight off un-

---

1. Section 362 reads in pertinent part:
   (a) ... a petition filed under ... this title ... operates as a stay, applicable to all entities, of—
   
   .    .    .    .    .
   
   (4) any act to create, perfect, or enforce any lien against property of the estate;
   (5) any act to create, perfect, or enforce against property of the debtor any lien to the

   extent that such lien secures a claim that arose before the commencement of the case under this title;
   (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
   11 U.S.C. § 362(a)(4)–(6) (citations omitted).

lawful claims. The position championed by the IRS in this case would impose severe hardships on debtors trying to regain their financial footing.

■ The district court in *In re Garcia*, 109 B.R. 335 (N.D.Ill.1989), explained that if violations of the automatic stay were merely voidable, creditors would be encouraged to violate the stay:

> [T]he fundamental importance of the automatic stay to the purposes sought to be accomplished by the Bankruptcy Code requires that acts in violation of the automatic stay be void, rather than voidable. Concluding that acts in violation of the automatic stay were merely voidable would have the effect of encouraging disrespect for the stay by increasing the possibility that violators of the automatic stay may profit from their disregard for the law, provided it goes undiscovered for a sufficient period of time. This may be an acceptable risk to some creditors when measured against a delayed pro-rata distribution.

*Id.* at 340 (footnote omitted). Like the court in *Garcia*, we will not reward those who violate the automatic stay. The Bankruptcy Code does not burden the debtor with a duty to take additional steps to secure the benefit of the automatic stay. Those taking post-petition collection actions have the burden of obtaining relief from the automatic stay. *See In re Williams*, 124 B.R. at 317–18.

Our conclusion is supported by the great weight of authority. The majority of courts have long stated that violations of the automatic stay are void and of no effect. *See, e.g., Kalb v. Feuerstein*, 308 U.S. 433, 438, 60 S.Ct. 343, 345–46, 84 L.Ed. 370 (1940); *Ellis v. Consolidated Diesel Elec. Corp.*, 894 F.2d 371, 372–73 (10th Cir.1990); *In re 48th St. Steakhouse*, 835 F.2d 427, 431 (2d Cir.1987), *cert. denied*, 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988); *Borg–Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir.1982). Indeed, many courts have specifically held that violations of the automatic stay are void and not merely voidable. *In re Advent Corp.*, 24 B.R. 612, 614 (Bankr. 1st Cir.1982); *Richard v. Chicago*, 80 B.R. 451, 453 (N.D.Ill.1987); *In re Cole-*

*man Am. Cos.*, 26 B.R. 825, 831 (D.Kan. 1983); *In re Pettibone Corp.*, 110 B.R. 848, 853 (Bankr.N.D.Ill.1990), *aff'd sub nom. Pettibone Corp. v. Baker*, 119 B.R. 603 (N.D.Ill.), *vacated on other grounds sub nom. Pettibone Corp. v. Easley*, 935 F.2d 120 (7th Cir.1991); *In re Miller*, 10 B.R. 778, 780 (Bankr.D.Md.1981), *aff'd*, 22 B.R. 479 (D.Md.1982).

The courts which have found the automatic stay voidable rather than void have relied primarily on sections 362(d) and 549 of the Bankruptcy Code to support their conclusion. *See, e.g., Sikes v. Global Marine, Inc.*, 881 F.2d 176, 178–79 (5th Cir. 1989) (concluding that violations of the automatic stay are voidable); *In re Oliver*, 38 B.R. 245, 248 (Bankr.D.Minn.1984). These courts have reasoned that (1) the court's power under section 362(d) to annul an automatic stay and (2) the trustee's duty under section 549 to bring an action to void an unauthorized transfer are inconsistent with violations of the stay being void and thus demonstrate that violations of the automatic stay are merely voidable. We find this reasoning erroneous.

### Section 362(d)

■ Section 362(d), a subsection of the automatic stay provision, gives the bankruptcy court the power to grant creditors relief from the stay. It provides in part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay ...

11 U.S.C. § 362(d) (1988). Thus, section 362 gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay. 2 *Collier on Bankruptcy*, § 362.07 (15th ed. 1984). Some courts have reasoned that the power to grant retroactive stay relief means that actions which violate section 362(a) cannot be absolutely void, for if they were, section 362(d) would be meaningless. *See, e.g., Sikes*, 881 F.2d at 178–79; *Oliver*, 38 B.R. at 248.

However, section 362(d) is not inconsistent with the conclusion that any action in

violation of the automatic stay is void and of no effect. Section 362(d) outlines the bankruptcy court's authority to make exceptions to the general operation of the stay. If a creditor obtains retroactive relief under section 362(d), there is no violation of the automatic stay, and whether violations of the stay are void or voidable is not at issue.

The *Sikes* and *Oliver* courts read far too much into the meaning and operation of section 362(d). The power to grant relief, even retroactively, simply does not mean that violations of the stay must be merely voidable rather than void. As was explained by the court in *In re Garcia*, 109 B.R. at 339, "that Congress saw fit to include specific exceptions to the automatic stay does not require the conclusion that actions in violation of the automatic stay are merely voidable." It is entirely consistent to reason that, absent affirmative relief from the bankruptcy court, violations of the stay are void.

Statements from leading authorities on bankruptcy generally support this conclusion: "The use of the word 'annulling' [in § 362(d)] permits the [court's] order to operate retroactively, thus validating actions taken by a party at a time when he was unaware of the stay. *Such actions would otherwise be void*." *2 Collier on Bankruptcy* § 362.07 (emphasis added). With that understanding, section 362(d) gives the court the power to ratify retroactively any violation of the automatic stay which would otherwise be void. Simply put, there is nothing remarkable or inconsistent about the normal operation of the automatic stay being subject to a specific statutory exception such as that found in section 362(d). *See Sikes*, 881 F.2d at 180 (Johnson, J., dissenting) (noting that although violations of the automatic stay are void, "a bankruptcy court may validate an otherwise void filing in violation of the automatic stay").

### Section 549

The more important potential conflict with interpreting the automatic stay as voiding violations is provided by section 549 of the Code. *See, e.g., Sikes*, 881 F.2d at 179 (court determining that § 549 is inconsistent with automatic stay voiding violations). Section 549 allows the bankruptcy trustee to avoid certain authorized transfers and all unauthorized transfers of estate property.[2] Section 549 includes a statute of limitation which requires the trustee to commence an action to void a transfer either within two years of the transfer or before the close of the case, whichever is earlier. 11 U.S.C. § 549(d). The Code's definitions dictate that section 549 can apply to a wide variety of transactions. "Transfer" is defined as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property...." 11 U.S.C. § 101(50) (1988). Further, "property of the estate" includes all legal interests in property. 11 U.S.C. § 541 (1988).

The supposed conflict between section 549 and section 362 can be explained by the following reasoning. First, the expansive definition of "transfer" means that sections 362 and 549, at times, cover the same transactions. Second, section 549 implies that some of these overlapping transactions will be valid unless affirmatively challenged by the trustee. Therefore, some argue that section 362 cannot be interpreted to void these overlapping transactions, for doing so would render section 549 moot. *See, e.g., Sikes*, 881 F.2d at 179.

On the surface, this conflict appears troublesome. However, a straightforward analysis of section 549 reveals that it is not intended to cover the same type of actions prohibited by the automatic stay nor rendered moot by section 362's voiding of all automatic stay violations. Section 549 ap-

---

**2.** Section 549 reads in part:
(a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—
(1) that occurs [made] after the commencement of the case; and
(2)(A) that is authorized only under section 303(f) or 542(c) of this title; or
(B) that is not authorized under this title or by the court.
11 U.S.C. § 549(a) (1988).

plies to unauthorized transfers of estate property which are not otherwise prohibited by the Code. *Garcia,* 109 B.R. at 338–40; *In re R & L Cartage & Sons,* 118 B.R. 646, 650–51 (Bankr.N.D.Ind.1990) (adopting *Garcia* analysis). In most circumstances, section 549 applies to transfers in which the debtor is a willing participant. *See Garcia,* 109 B.R. at 339. For example, in a transfer unrelated to any antecedent debt, the debtor may sell a portion of the estate's property to a third person. The trustee has the power to avoid such a transfer under section 549.

■ Section 362's automatic stay does not apply to sales or transfers of property initiated by the debtor. Thus, section 549 has a purpose in bankruptcy beyond the potential overlap with section 362. In other words, the automatic stay can void any violation and still leave section 549 with a valid and important role in bankruptcy. Section 549 exists as a protection for creditors against unauthorized debtor transfers of estate property. Although there are circumstances where section 362 overlaps section 549 and renders it unnecessary, this overlap falls far short of rendering section 549 meaningless.

Similarly, subsection 549(c)'s protection of good faith purchasers carves out an extremely specific and narrow exception to the automatic stay when section 362 overlaps subsection 549(c). There is no reason to infer from this narrow exception that violations of the automatic stay are not void. *See Garcia,* 109 B.R. at 339–40. It is disingenuous to argue that the general rule must be invalid simply because there is a narrow exception to the rule. If violations of the automatic stay are not void because there is a narrow exception under subsection 549(c), then by the same reasoning the rest of section 549 would be invalid because subsection 549(c) creates an exception to the trustee's power to avoid postpetition transfers.

Indeed, subsection 549(c) sheds no light on the void/voidable distinction. Subsection 549(c) is an exception to section 362 regardless of whether violations of the automatic stay are void or merely voidable. Congress did not draft subsection 549(c) to demonstrate that violations of the automat-

ic stay are merely voidable; Congress drafted subsection 549(c) to protect good faith purchasers where the sale would otherwise be subject to avoidance under section 549 or void under section 362.

Our prior decisions also support this interpretation of the Bankruptcy Code. In *Shamblin,* we addressed an Illinois tax sale which occurred during the debtors' Chapter 11 bankruptcy. After stating the general rule that violations of the automatic stay are "void", we found the tax sale void under section 362. 890 F.2d at 125. The appellants argued that section 549 covered the sale as well and that the sale should therefore stand despite the violation of the automatic stay because no action was timely brought to avoid the transfer. We held that the tax sale was not a transfer of property of the estate under section 549, reasoning that the sale created only a lien on the property and did not actually transfer the property itself for purposes of section 549. *Id.* at 127. We noted that the automatic stay "fully protected" debtors such that section 549 need not cover the tax sale. *Id.* at 127 n. 7.

■ *Shamblin* is strong support for the general proposition that sections 362 and 549 usually apply to a different set of transactions. At a minimum, our decision in *Shamblin* implies that section 549 picks up where the automatic stay leaves off, and that the sections are therefore not in conflict. The law in this circuit is that violations of the automatic stay are void and that section 549 applies to transfers of property which are not voided by the stay.

■ Finally, the government argues in the alternative that its violation of the automatic stay falls within the narrow exception for technical violations of the automatic stay carved out by *In re Brooks,* 79 B.R. 479 (Bankr. 9th Cir.1987), *aff'd,* 871 F.2d 89 (9th Cir.1989). *See also In re Wingo,* 89 B.R. 54, 57 (Bankr. 9th Cir.1988). In *Brooks,* the BAP held that a minor technical violation of the stay—the rerecording of a deed to correct a property description mistake—was voidable rather than void. However, on appeal we did not address the void/voidable issue and instead decided the case on the issue of standing, 871 F.2d at 90, and we expressed no opinion on the

validity of the exception recognized by the BAP in *Brooks*. Because the BAP's *Brooks* reasoning is not dispositive in this case, we again refrain from addressing the validity of the *Brooks* exception.

In this case it is sufficient to recognize that the IRS's violation of the automatic stay does not fall within the narrow *Brooks* exception. A tax assessment is a substantive violation of the automatic stay which creates a lien on all of the debtor's property. It is not simply a minor correction to a lien that already existed. Thus, even if the narrow *Brooks* exception is valid, a tax assessment does not fall within the exception.

## CONCLUSION

Because violations of the automatic stay are void, we REVERSE the decision of the BAP. The bankruptcy court's order granting the Schwartzes' objection to the IRS's penalty assessment is correct and should not be disturbed.