**In re B & I REALTY CO., INC., Debtor.**

**Bankruptcy No. 92–34809.**

United States Bankruptcy Court,
W.D. Washington.

Aug. 18, 1993.

William L. Beecher, Tacoma, WA, for B & I Realty Co., Inc.

John T. Costo, Bellevue, WA, for PAWS.

## DECISION AND ORDER: PAWS MOTION FOR RELIEF FROM STAY

PHILIP H. BRANDT, Bankruptcy Judge.

The Progressive Animal Welfare Society ("PAWS") seeks to liberate Ivan, a male western lowland gorilla owned by Debtor B & I Realty Co. ("B & I"). To that end, PAWS has moved for relief from the automatic stay of the Bankruptcy Code[1] to enforce, by citizen's suit, provisions of the Endangered Species Act of 1973 ("ESA")[2]. As PAWS lacks standing, and as it has not shown cause, the motion is denied.

## I. BACKGROUND

Debtor B & I Realty Co. ("B & I"), now largely a lessor of retail space to concessionaires, has owned a shopping center on South Tacoma Way since the late 1940s. B & I has displayed animals in the center, including Ivan, and has advertised as "the World Famous Circus Store."

In its moving papers, PAWS[3] alleges the late Earl Irwin (then B & I's president) imported the infant Ivan in 1964 from the Congo, and that B & I has kept him in a cage at the center since 1967. PAWS asserts B & I has used Ivan for commercial purposes, and that it offered to sell him to one Michael Jackson, a pop singer, both in violation of the ESA[4]. After B & I's petition for bankruptcy relief, PAWS notified the Secretary of the Interior[5], B & I, and its principals (Constance and Ronald Irwin, widow and son of Earl Irwin) by letter of its conditional intent to file a citizen's action under the ESA[6]. The condition was that B & I, within 60 days, relinquish ownership and control of Ivan to the Dallas Zoo or Atlanta Zoo or some other appropriate facility. If B & I did not do so, PAWS would sue to enjoin further violations of the ESA and seek to forfeit the gorilla to the United States. B & I did not relinquish

1. 11 U.S.C.: references to "§", "Section" or to "Chapter" without more, are to the Bankruptcy Code.
   Section 362(a) sets up the automatic stay:
   (a) Except as provided in subsection (b) of this section, a petition filed under ... of this title, ... operates as a stay, applicable to all entities, of—
   (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
   ....
   (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
   ....

2. 16 U.S.C. §§ 1531–1544.

3. A Washington nonprofit corporation whose purposes are the prevention of cruelty to domes-ticated animals, birds and wildlife, public education respecting humane treatment of animals, and supporting the enforcement of animal welfare statutes.

4. 16 U.S.C. § 1538(a)(1)(E) and (F). With exceptions not here pertinent,

   ... it is unlawful for any person subject to the jurisdiction of the United States to—

   .    .    .    .    .

   (E) deliver, receive, carry, transport, or ship interstate or foreign commerce, by any means whatsoever and in the court of a commercial activity, any such [endangered] species;
   (F) sell or offer for sale in interstate or foreign commerce any such species; ...
   B & I does not dispute that Ivan is one of an endangered species.

5. Who has authority to enforce the ESA. 16 U.S.C. §§ 1532(15), 1540.

6. 16 U.S.C. § 1540(g)(2)(A)(i).

Ivan, and PAWS now seeks relief to commence its suit.

PAWS does not, in its motion, specify any cause for relief from stay. Responding, B & I argues that PAWS is not exempt from the stay as a governmental unit and that it lacks standing: PAWS is neither a creditor nor an equity security holder nor an insider. Debtor asserts PAWS's notice letter violated the stay and is, at least as to B & I, void.

## II. ANALYSIS

A. *Jurisdiction:* This is a core proceeding and this Court has jurisdiction. 28 U.S.C. §§ 157(b)(2) and (G); GR 7, Local Rules W.D. Wash.

■ B. *Stay exception:* PAWS initially argues its notice and contemplated suit are not stayed. Section 362(b)(4) excepts from the stay "... the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; ...." PAWS claims, because it is acting as a "private attorney general," and because it has law enforcement authority under state law, it is within the exception.

RCW 16.52.030 provides that members and agents of humane societies, authorized by the trustees thereof, approved by a judge of the superior court, and sworn as peace officers

> ... have power lawfully to interfere to prevent the perpetration of any act of cruelty upon any animal and may use such force as may be necessary to prevent the same, and to that end may summon to their aid any bystander; they may make arrests ... in the same manner as herein provided for other officers; ....

PAWS submitted a copy of an approved peace officer commission of one of its agents by supplemental declaration.

Whether PAWS might be an "instrumentality of a ... State" within § 101(27)'s definition of "governmental unit" for some purposes, it is not here seeking to enforce the police power of Washington. The stay exception is inapplicable.

■ C. *PAWS's standing:* Earlier in this case, PAWS attempted to preempt B & I on this issue by purchasing a $175.85 claim. The Debtor countered by moving to pay the claim as soon as PAWS was substituted as the claimant, saying it would be cheaper than dealing with PAWS as a creditor. Only PAWS objected (presenting the unique spectacle of a creditor resisting full payment); I granted the motion. B & I's counsel's representation that the claim has been paid is uncontradicted.

Only on request of a "party in interest" can this Court grant relief from stay. Section 362(d). "Party in interest" is not defined in the Code. B & I argues that PAWS fits the definition of "disinterested person" in § 101(14), and thus is not a "party in interest."

PAWS is not a creditor, equity security holder, or insider, but those categories do not exhaust the possibilities of § 101(14)(E): those who "... have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders ... for any other reason[;]" are not disinterested. PAWS's desire to sue B & I, and B & I's efforts to forestall that suit, indicate PAWS is adverse and not within the definition of "disinterested person."

■ Although B & I's argument fails, the standing question remains. It is not self-evident that "not disinterested" equals "party in interest."[7] Congress used "disinterested person" eight places in the Code[8], each in the context of qualifications of trustees or professionals employed by the estate, and nowhere in connection with the stay, claims, or standing. Nothing in the Code indicates Congress intended all

---

7. See *Dewsnup v. Timm,* —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), holding that "allowed secured claim" in § 506(d) is not the equivalent of an "allowed claim" to the extent it is secured under § 506(a).

8. Sections 327(a), 328(c), 701(a), 703(c)(1), 1104(c), 1163, 1202(a), and 1302(a).

those not disinterested *ipso facto* to have standing generally or for relief from stay. That Congress felt it necessary to enact § 307, giving U.S. Trustees the right to raise, appear, and be heard on any issue suggests the contrary.

PAWS has articulated no interest beyond a desire to bring a citizen's suit to enforce the ESA. While creditor status may not be necessary, still the moving party must have an interest of its own to have standing under § 362(d) (and Article III of the Constitution)[9]. *Matter of James Wilson Assoc.*, 965 F.2d 160, 168–171 (7th Cir.1992); *Matter of Village Rathskeller, Inc.*, 147 B.R. 665, 668–671 (Bankr.S.D.N.Y.1992). PAWS has not shown it has an interest, and therefore lacks standing to bring its motion.

■ D. *Cause for relief:* Even if PAWS had standing, § 362(d)(1) allows lifting of the automatic stay "... for cause...." One example of "cause" is given in that subsection, the lack of adequate protection of the movant's interest in property, but the term is not defined, and its meaning must be determined on a case-by-case basis. *In re MacDonald*, 755 F.2d 715, 717 (9th Cir.1985); *In re Tucson Estates, Inc.*, 912 F.2d 1162 (9th Cir.1990).

PAWS has articulated no reason why B & I's alleged violations of the ESA should be cause for relief, when the Secretary of Interior, who has the authority to enforce that statute, is not (by virtue of § 362(b)(4)) stayed. Nor has PAWS cited any authority for that proposition.

No cause for relief has been shown[10].

■ E. *Notice Letter as Stay Violation:* The stay prevents "any act ... to exercise control over property of the estate." Section 362(a)(3). PAWS's 8 December 1992 letter was a statutory prereq-

uisite to its intended ESA suit against the Debtor[11], the opening gun in a legal battle to force B & I to deal with Ivan in a particular fashion. PAWS did not seek a possession of the gorilla, or even to specify his ultimate destination, but its purpose was within the common meaning of "control."

Additionally, authority supports so reading the statute. The Ninth Circuit has held an insurance company's post-petition notice of cancellation of a debtor's directors' and officers' coverage was an attempt to exercise control over property of the estate, *In re Minoco Group of Companies, Ltd.*, 799 F.2d 517 (9th Cir.1986). In that case, the termination would indirectly affect the creditors, by potentially exposing the debtor to indemnification claims of current and past directors and officers and making it more difficult for it to get and keep qualified directors and officers. Here, if PAWS is successful, B & I will be forced to dispose of a particular asset of some considerable value[12], an impact more direct and predictable than that in *Minoco*.

The notice letter is an act toward that end, and violated § 362(a)(3). The letter is, as to B & I, void. *In re Schwartz*, 954 F.2d 569 (9th Cir.1992).

## III. CONCLUSION AND ORDER

PAWS has no standing to bring its motion for relief from stay, which is therefore DENIED.

The 8 December 1992 presuit notice letter is void (as against B & I) for violation of the stay.

**9.** Respecting the standing of private attorneys general, see also *Lujan v. Defenders of Wildlife, Inc.*, —— U.S. ——, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

**10.** PAWS made no allegations to support relief under § 362(d)(2).

**11.** 16 U.S.C. § 1540(g)(2)(A).

**12.** Although B & I said "None" on line 29 Schedule B—Personal Property, which calls for the description and value of any animals, the moving papers disclose that the Debtor refused PAWS's offer of $30,000 if B & I would transfer Ivan to a qualified zoo.