26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
39.63 ACRES OF LAND, FORTUNA LAND COMPANY, et al., Defendant,
FORTUNA LAND CO., And Zinigan Land Company, Defendant-Appellee,
v.
Greg K. WEBSTER, Trustee-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
8.56 ACRES OF LAND, FORTUNA LAND COMPANY, et al., Defendant,
and
Greg K. WEBSTER, Trustee-Appellant.
 Nos. 92-16584, 92-16585.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1994.
Decided May 24, 1994.
 
 Before: HUG, FARRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We affirm the district court on the grounds specified in Judge Orrick's well-reasoned order. The bankruptcy estate had no legal or equitable interest in the real property at the time the stay of the federal condemnation action was sought. The estate only had an interest in a claim to an equitable interest in the real property. Only if the state court had imposed a constructive trust on the real property in favor of the bankruptcy estate would the estate have had an equitable interest in the real property justifying a stay.
 
 
 3
 AFFIRMED.
 
 O'SCANNLAIN, Circuit Judge, dissenting:
 
 4
 I respectfully dissent.
 
 
 5
 The court holds that the Masses did not have an interest in the property. I believe this is inconsistent with the precedent of this court holding that "under California law, a party attains an interest superior to subsequent purchasers upon recordation of the lis pendens." In re Lane, 980 F.2d 601, 606 (9th Cir.1992). While this view seems quirky in light of common understanding that such device is simply notice of a pending claim, the Lane court nevertheless held, as a matter of California law, that:
 
 
 6
 Until judgment, [the claimant's] interest may have been the entire property, a lien on the property, or zero interest in the property. The last option may seem counterintuitive. Id. at 605.
 
 
 7
 Thus, regardless of the amount or nature of the interest, recording a lis pendens creates an "interest" under California law. The Lane case was not cited by either party to the appeal and presumably was never brought to the attention of Judge Orrick; in any event, it was not discussed in his otherwise very thorough and well-reasoned opinion.
 
 
 8
 Because Lane compels me to the conclusion that the Masses had an interest in the property because of an anomaly of California law, I would hold that the subsequent condemnation proceedings were void. See In re Schwartz, 954 F.2d 569, 571 (9th Cir.1992).
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3