**In re David H. FRANCK and Shanon Franck, Debtors.**

**Bankruptcy No. 89–02752.**

United States Bankruptcy Court, D. Idaho.

Sept. 8, 1994.

Harold Q. Noack, Jr., Boise, ID, for Associates Financial Services of Idaho, Inc.

W.J. Anderson, Anderson, Nelson & Hall, Idaho Falls, ID, for Washington Federal Sav. & Loan Assn.

L.D. Fitzgerald, Trustee, Pocatello, ID.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Chief Judge.

Creditor Washington Federal Savings & Loan Association, formerly known as First Federal Savings & Loan Association, Inc., ("Washington Federal") is seeking retroactive relief from the automatic stay as to certain property in the above-entitled case. Creditor Associates Financial Services, Inc., ("Associates") filed a response to the motion asking the Court to deny the retroactive effect of the relief sought. Neither the Debtors nor the Chapter 7 Trustee have taken a position on the motion.

This is the second occasion on which the Court has been asked to decide a dispute between these two creditors in this bankruptcy case. The issues raised are again novel and challenging. Some background and a

review of the Court's disposition of the first dispute between the parties may be helpful.

After the Debtors filed for Chapter 7 relief in 1989, Washington Federal, without obtaining relief from the automatic stay in Debtor's bankruptcy case, caused a sale to be conducted to foreclose its first deed of trust on the Debtors' real estate. When no other bidders appeared at the auction, it purchased the property, and thereafter sold it to a third party. Washington Federal has not shown it was unaware of the pending bankruptcy case, the sale having taken place some ten months or so after the filing of the petition.

Associates, which holds a second deed of trust on the real estate and had properly obtained stay relief to foreclose its lien on the property prior to the Washington Federal trust deed sale, commenced an adversary proceeding against Washington Federal in February of 1991 alleging the sale was void as having been conducted in violation of the automatic stay and avoidable pursuant to Section 549. The Court never reached the merits of Associate's Complaint. Rather, on September 11, 1991, this Court granted Washington Federal's Motion for Summary Judgment on the sole ground that Associates did not have legal standing to pursue an action to void the foreclosure sale. Thereafter, the Ninth Circuit Bankruptcy Appellate Panel affirmed this Court's decision in May of 1992, as did the Ninth Circuit Court of Appeals.

In January of 1992, though, the Court of Appeals decided that an act taken in violation of the automatic stay is absolutely void, not merely voidable. *In re Schwartz*, 954 F.2d 569, 571 (9th Cir.1992). Apparently in reaction to *Schwartz*, Washington Federal filed the present motion, since its previous foreclosure sale now appears to be invalid under the case law.

Washington Federal seeks stay relief retroactive to the date Debtors received their discharge, a date prior to the foreclosure sale. Washington Federal suggests that if its motion is granted, the effect would be that its foreclosure sale would no longer constitute a violation of the automatic stay, and the foreclosure sale could finally be validated. If stay relief is not granted retroactively, the prior sale is probably void and presumably Washington Federal would have to repeat its foreclosure proceedings. It is unclear what rights the purchaser from Washington Federal would have in that event.

Associates, now wanting the opportunity to protect its subordinate rights in the property at another sale, has opposed the retroactive relief. In advancing an argument that was persuasive before, Washington Federal again insists that Associates' opposition should not be considered because, under the earlier decision in this case by the Ninth Circuit, Associates does not have legal standing. In addition, Washington Federal contends Associates' objection to its motion was untimely.

■ After considerable review of this complicated set of events, however, it appears that neither of Washington Federal's contentions need be addressed. Clearly, this Court has an independent duty under Section 362(d) of the Bankruptcy Code to determine whether requested stay relief is proper, even if no opposition to a motion is raised. While it is undisputed that Washington Federal is entitled to relief from the stay, the truly germane issue presented here is whether Washington Federal has shown under the facts and law it is entitled to retroactive relief.

■ Without doubt, Section 362(d) allows a Court to grant retroactive stay relief by "annulling" that stay. *Schwartz*, 954 F.2d at 572. The more difficult question involves the circumstances under which this relief should be afforded.

■ One noted treatise on bankruptcy law proposes that retroactive relief should be granted to validate actions taken by a party when it was unaware of the pendency of the bankruptcy case and the imposition of the stay. 2 L. King, Collier on Bankruptcy ¶ 362.07 (15th ed. 1991). Other authority instructs that if the Court finds that the automatic stay has been carelessly ignored, it can, and should, refuse to grant retroactive relief. *In re Mellor*, 31 B.R. 151, 155 (9th Cir. BAP 1983), *rev'd on other grounds*, 734 F.2d 1396 (9th Cir.1984). Annulment of the automatic stay should be used sparingly so as

to dissuade creditors from believing that their unauthorized post-petition actions against debtors or their property will generally be ratified or excused. *Id.* at 154.

This Court will not attempt to create a list of factors to be considered when faced with a motion to annul the stay but will consider in each case whether all the facts favor the exercise of discretion by the Court in granting such extraordinary relief. *See In re Siciliano,* 167 B.R. 999, 1007 (Bankr. E.D.Pa.1994); *In re Schewe,* 94 B.R. 938, 949 (Bankr.W.D.Mich.1989). The legislative history to Section 362 provides:

> The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 49 (1978).

The conduct of Washington Federal here appears to be that type of act to which the legislative history is referring. Washington Federal, by acting in violation of the automatic stay, was able to conduct a foreclosure sale on the property before Associates, which instead had followed the statutory procedure and had been granted stay relief by the Court. In doing so, Associates was potentially deprived of an opportunity to offer the property for sale at a price which would realize any equity above the amounts owed on the first trust deed. If retroactive relief were granted, this Court would in effect be approving Washington Federal's race to foreclose on the property without first seeking relief from the automatic stay to the possible disadvantage of Associates.

The Court therefore finds that Washington Federal ignored the automatic stay to the detriment of Associates, which was taking the proper steps before this Court to conduct its own foreclosure sale. The granting of retroactive relief under these facts is not warranted.

While Washington Federal may disagree, this result is not inconsistent with the decisions in the previous litigation between the parties. The Court felt it was compelled by existing case law to refuse relief to Associates when it previously sued Washington Federal to void the foreclosure sale because Associates lacked legal standing to bring the action. The appellate courts agreed. Even so, Associates obtained its relief, indirectly, when the Court of Appeals decided *Schwartz.* The issue presented in this sequel no longer involves the validity of the sale, but rather whether good cause has been shown for retroactive relief from the stay. Washington Federal has failed to show any such good cause.

Accordingly, the Motion for Relief from the Automatic Stay filed by Washington Federal Savings and Loan Association, Inc. will be DENIED by separate order to the extent that it seeks retroactive relief from the automatic stay. Of course, if Washington Federal were to amend its motion to request stay relief effective now, the Court understands Associates would not oppose this request, and it would be granted by the Court. This Memorandum constitutes the Court's findings of fact and conclusions of law. F.R.B.P. 7052.