56 F.3d 71
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re Edward Joseph GLASER, Debtor.
Edward Joseph GLASER, Appellant.
v.
Edwina E. DOWELL, Chapter 13 Standing Trustee, Appellee.
Edward Joseph GLASER, Appellant,
v.
LOS ANGELES HOMEOWNER AID, INC., Appellee.
 No. 93-56617.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1995.*
Decided May 19, 1995.
 
 1
 Before: D.W. NELSON and CANBY, Circuit Judges and TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 The bankruptcy court issued an order nunc pro tunc annulling the automatic stay in Edward Glaser's bankruptcy proceeding. We affirm the Bankruptcy Appellate Panel's (BAP) decision upholding that order.
 
 
 4
 The parties are familiar with the facts of the case; we will not recite them here. We review de novo decisions of the BAP. In re Johnston, 21 F.3d 323, 326 (9th Cir. 1994). We and the BAP review de novo the bankruptcy court's conclusions of law and examine its finding of facts for clear error. Id.
 
 
 5
 Section 362(d) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay ... 1) for cause...." 11 U.S.C. Sec. 362(d) (emphasis added). The section thus grants the bankruptcy court the authority to grant retroactive relief from the stay. In re Schwartz, 954 F.2d 569, 572 (9th Cir. 1992).
 
 
 6
 In the case at hand, the bankruptcy court satisfied all procedural requirements for relief under section 362(d). Glaser had over three weeks notice of the hearing on Homeowners' motion for relief. Glaser was given the opportunity to participate in the August 11 hearing, but chose not to attend. The bankruptcy court had jurisdiction because, as the BAP held, its earlier order dismissing the petition was void. Finally, the court stated in its order that it had found cause for ordering the relief. In light of the history of petitioner's bankruptcy proceedings, we, like the BAP, agree that cause existed. Thus the BAP correctly affirmed the bankruptcy court's relief order entered August 31, 1992.
 
 
 7
 Glaser argues that if Homeowners had notice of his final bankruptcy filing on April 14, 1992, its foreclosure actions were void because they were taken with knowledge that section 362(a)'s automatic stay was already in place. Here Glaser misinterprets the law. The bankruptcy court can validate the foreclosure sale regardless of Homeowners' knowledge of Glaser's April 14 petition.
 
 
 8
 Section 362(d) permits the court, in annulling a stay, to validate retroactively actions taken by a party that would otherwise be in violation of the stay. Id. at 573 ("section 362(d) gives the [bankruptcy] court the power to ratify retroactively any violation of the automatic stay which would otherwise be void."). This power exists whether the creditor acts at a time when he is unaware of the stay, 2 Collier on Bankruptcy p362.07 (1994), or proceeds with a foreclosure sale when he has actual knowledge of the stay. Algeran, Inc. v. Advance Ross Corp., 759 F.2d 1421, 1422-25 (9th Cir. 1985). Thus, although Glaser provided some evidence that Homeowners proceeded with its foreclosure with full knowledge of his April 14, 1992 filing, that evidence did not limit the court's discretion to validate Homeowners' actions.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without argument. Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3