**In re HALLMARK BUILDERS, INC., Debtor.**

**Bankruptcy No. 96–01096–6B1.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Dec. 19, 1996.

Kenneth D. Herron, Orlando, FL, for Debtor.

Clinton Coulter, Tallahassee, FL, for State of FL.

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Florida Department of Agriculture's Motion for Retroactive Relief from Automatic Stay (Doc. 101). Appearing before the Court were Clinton Coulter, attorney for the State of Florida; and Kenneth Herron, attorney for the Debtor, Hallmark Builders, Inc. After reviewing the pleadings, evidence, exhibits, arguments of counsel, and authorities for their respective positions, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Hallmark Builders, Inc. ("Debtor") filed for relief under Chapter 11 of the Bankrupt-

cy Code on February 23, 1996. 11 U.S.C. § 101 *et seq.* Florida Department of Agriculture ("FDOA") filed its Motion for Retroactive Relief from Automatic Stay on April 1, 1996. The Debtor was a dealer in agricultural products. In order to be licensed, the Debtor was required by Florida Statutes § 604.20 to post a surety bond to secure the accounting for and payment of agricultural products it would purchase. The bond was posted to insure that the Debtor would fulfill its duties outlined under statute. The bond posted provides financial protection to those who conduct business with agriculture products dealers. The Debtor posted a $15,000.00 bond with the FDOA, Bond number FLA–421335, written by Old Republic Surety Company.

Four complaints were filed with FDOA against the Debtor pursuant to Florida Agricultural Bond and License Law §§ 604.15, 604.34 for the Debtor's failure to pay for agricultural products it purchased during its bond period. The first FDOA Order was filed on January 29, 1996. The Debtor was found to be indebted to Landscape Nursery, Inc., in the amount of $667.91. The second FDOA Order was inadvertently entered on February 28, 1996, four days after the Debtor's petition was filed and the effective date of the automatic stay. The Debtor was found to be indebted to Spring Hill Nursery, Inc., in the amount of $3,818.28, Harris Sod, Inc., in the amount of $7,892.12, and Flowering Tree Growers, Inc., in the amount of $4,740.85. The Debtor's indebtedness is in violation of the conditions and provisions of the bond the Debtor has on file with the FDOA as provided in Florida Statutes § 604.20(1).

FDOA is presently stayed from prosecuting the first FDOA order against the Debtor, including making a demand on Debtor's surety. FDOA is also subject to incurring sanctions pursuant to 11 U.S.C. § 362(h).

The Debtor has no legal or equitable interest in the bond at the time the bankruptcy case commenced. The $15,000.00 bond is not property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1).

### CONCLUSIONS OF LAW

■ The issue before the Court is whether the $15,000.00 bond is property of the bankruptcy estate and if FDOA entitled to retroactive relief from the stay.

Section 541 of the Bankruptcy Code provides, with certain exceptions, that all legal and equitable interests of a debtor in property as of commencement of the case become property of the estate. 11 U.S.C. § 541(a)(1) (West 1993). Applicable state property law determines whether a debtor had a legal or equitable interest in property as of the bankruptcy petition date. *In re Health Products, Inc.*, 159 B.R. 332, 337 (Bankr.M.D.Fla.1993).

■ An agricultural products dealer does not have rights under the surety bond. Fl.Stat. § 604.20 (1993). The Debtor was never entitled to the bond because the Debtor never had a property interest in it. *In re Nelson Quality Eggs*, 1989 WL 29877 (Bankr.D.Minn.1989).

The bond is essentially a third-party beneficiary contract to protect certain specified classes of people who are harmed in a specified way in dealing with the dealer. A surety bond is not property of the estate. *Id., see also Matter of Buna Painting & Drywall Co., Inc. (Bonjour, Gough & Stone v. Pacific Employers Insurance Co., Division of Labor Law Enforcement)*, 503 F.2d 618, 619 (9th Cir.1974) and *In re McLean Trucking Co.*, 74 B.R. 820 (Bankr.W.D.N.C.1987). The statute provides protection to those who conduct business with agricultural products dealers. The Debtor has no property rights in the bond; therefore, the bond was not property of the Debtor's as of the commencement of the bankruptcy case pursuant to 11 U.S.C. § 541(a)(1). The bond is not property of the estate.

■ The bankruptcy court has the power to grant relief from the stay pursuant to Section 362(d) which provides in part:

(d) on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay under subsection (a) of this section, such as by termination, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of protection of an interest in property of such party in interest[.]

11 U.S.C. § 362(d)(1). FDOA has proved a prima facie case that cause exists for the Court to grant relief from the stay. The automatic stay will be lifted in order to permit action against the security posted by the Debtor prepetition to assure the payment of prepetition obligations for which the security was posted. The Debtor fails to justify the stay's remaining in effect.

Section 362 gives the court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay. *Schwartz v. United States*, 954 F.2d 569, 572 (9th Cir.1992). The use of the word "annulling" permits the order to operate retroactively, thus validating actions taken by FDOA at a time when FDOA was unaware of the stay. 2 *Collier on Bankruptcy* ¶ 362.07 (15th Ed.1996); *see In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir.1984). Therefore, FDOA committed no violation of the automatic stay. FDOA's retroactive relief from the stay pursuant to 11 U.S.C. § 362 is due to be granted.