In re David Robert SEDGWICK, Debtor.

David Robert Sedgwick, Plaintiff,

v.

Michael Rubin, et al., Defendants.

Bankruptcy No. 99–10712.
Adversary No. 01–1027.

United States Bankruptcy Court,
N.D. California.

May 15, 2001.

Paul M. Jammond, Law Offices of Paul M. Jamond, Santa Rosa, CA, for Debtor.

Michael H. Meyer, Santa Rosa, CA, trustee.

### Memorandum of Decision

ALAN JAROSLOVSKY, Bankruptcy Judge.

Defendants Michael Rubin and Michele Hunter are the former employers of debtor David Sedgwick's former wife, Charlene. Rubin and Hunter were victims of embezzlement by Charlene. Unfortunately, in their zeal to recover their losses they have made things much worse for themselves by violating the automatic stay in David's Chapter 13 bankruptcy proceedings.

David filed his Chapter 13 in 1999, when a state court action was pending against him and Charlene by Rubin and Hunter. They dismissed him from the action and filed a claim in the bankruptcy case, then proceeded to obtain a judgment against Charlene, as they had a right to do. In the meantime, David obtained confirmation of his Chapter 13 plan.

The attorney for Rubin and Hunter, defendant Barry Meyer, then made a serious mistake in interpreting bankruptcy law. He erroneously believed, and still argues to this court, that the automatic stay terminated when David's plan was confirmed. Based on his advice, Rubin and Hunter

asserted that their abstract of judgment created a lien against the Sedgwick home, which was still undivided community property. Worse, they filed a state court against David seeking to recover damages from him for negligence and other assorted claims.

The residence has been sold and the proceeds claimed by David and by the trustee in Canadian bankruptcy proceedings subsequently commenced by Charlene.[1] They have both been denied the funds because of the claims of Rubin and Hunter.

■ Meyer is wrong in his interpretation of bankruptcy law. The automatic stay continues until the earliest of the time the case is closed, the time the case is dismissed, or, in a Chapter 13 case, the time the debtor is discharged. 11 U.S.C. § 362(c)(2). None of these occurred until February 12, 2001, when David received his discharge.

■ Meyer's mistake in law may have been due to misinterpretation of § 1327(b) of the Bankruptcy Code, which provides that except as otherwise provided in the plan confirmation of a plan vests all property of the estate in the debtor. His thinking may have been that since the home was no longer property of the estate, relief from the stay was not necessary. However, if this was his thinking he did not take into account § 1327(c), which provides that revested property is free and clear of creditors' claims, and § 362(a)(5), which prohibits an act to create, perfect or enforce a lien against property of the debtor. As the court noted in *In re Rice*, 1998 WL 939695 (Bkrtcy.E.D.Va.1998):

It is worth emphasizing that § 362(a)(5), unlike other subsections of § 362(a), addresses property of the *debtor*, as distinguished from property of the *estate*. Thus the revesting of property of the estate in the debtor which occurs under § 1327(c), Bankruptcy Code, upon confirmation of a chapter 13 plan, does not terminate the stay.

See also *In re Talbot*, 124 F.3d 1201, 1208 (10th Cir.1997)("Property subject to retained liens need not remain in the bankruptcy estate to remain protected against collection activities of pre-petition creditors. See 11 U.S.C. § 362(a)(5) & (c)(2)."); *In re Whigham*, 195 B.R. 667, 671 (E.D.Mich.1996); *In re Henline*, 242 B.R. 459, 466 (Bankr.D.Minn.1999). Thus, defendants' acts violated the automatic stay regardless of whether the residence was still property of the estate or had revested in David.

■ Acts taken in violation of the automatic stay are void. *In re Schwartz*, 954 F.2d 569, 572 (9th Cir.1992). Once David was discharged, perfection of the lien was permanently barred by § 524(a)(3) of the Bankruptcy Code. Accordingly, Rubin and Hunter can have no valid right, title or interest in the proceeds from the sale of the Sedgwick residence except to the extent that the proceeds have been administered in the pending Canadian bankruptcy proceedings and thereafter awarded to Charlene.[2]

The matter of the cross-complaint against David is more problematical. Rubin and Hunter argue that their claims arose postpetition, in which case prosecution was not stayed. However, it appears that the basis of the cross-complaint may

---

1. The Canadian trustee has commenced an ancillary proceeding in this court pursuant to § 304 of the Bankruptcy Code. The court believes that its judgment in this matter will accomplish the results desired by that trustee.

2. Unless, of course, assertion at that time would violate Canadian bankruptcy law.

have been David's perfectly lawful assertion of his bankruptcy rights. If so, then the cross-complaint was probably an act in violation of the stay. The court will defer decision on that matter at this time, although it will stay further prosecution.

For the foregoing reasons, David's motion for partial summary judgment will be granted. The court will take the following actions:

1. It shall be deemed without substantial controversy that defendants, and each of them, violated the automatic stay by attempting to create a postpetition lien on the Sedgwick residence.

2. Pursuant to FRCP 54(b), and it appearing that it is necessary to accommodate bankruptcy proceedings in Canada and that there is no just reason for delay, the court will direct the immediate entry of a judgment declaring that Rubin and Hunter have no right, title or interest in the proceeds of the sale of the residence by virtue of their abstract of judgment and permanently enjoining them from asserting any interest therein by action or inaction until after the proceeds have been administered under Canadian bankruptcy proceedings.

3. A preliminary injunction shall issue barring prosecution of the cross-complaint during the pendency of this adversary proceeding.

4. The issue of damages, attorney's fees and costs will be reserved pending final resolution of the remaining issues.

Counsel for David shall submit an appropriate form of order granting his motion, an appropriate form of judgment as stated in paragraph 2 above, and an appropriate form of preliminary injunction.