MEMORANDUM **
The issue on appeal is whether the exception to the automatic stay at 11 U.S.C. § 362(b)(24) exempts a good faith purchaser’s recording of a trustee’s deed from the statutory automatic stay of proceedings against a person who has already filed for bankruptcy protection.[1] 11 U.S.C. § 362(a)(3) provides that the filing of a bankruptcy petition operates as a stay of “any act to obtain possession of property of the [bankruptcy] estate ... or to exercise control over property of the estate.” 11 U.S.C. § 362(b)(24) provides that the filing of a petition in bankruptcy does not operate as a stay “under subsection (a), of any transfer that is not avoidable under section 544' and that is not avoidable under section 549.”
1. The transfer to the Bollags is not avoidable by the trustee under section 549 because section 549(c) provides that “a transfer of an interest in real property to a good faith purchaser” who does not have knowledge of the bankruptcy and who purchases for “present fair equivalent value” is not a voidable transfer “unless a copy or notice of the petition was filed.”
The bankruptcy court found that the Bollags were indeed good faith purchasers who purchased the home for present fair equivalent value; they knew nothing of the bankruptcy when they purchased the property; and they lacked actual or constructive notice of Silva’s bankruptcy when the Trustee’s Deed was recorded. The property’s chain of title contained no notice of Silva’s bankruptcy, and the Bollags and MBB only learned of Silva’s bankruptcy days after they recorded their interest in the home. Therefore, the bankruptcy court did not err in concluding that the Bollags qualified for the exception in section 549(c) that prohibited the trustee from avoiding the property transfer to the Bollags.
Silva would have this Court impose a paradoxical condition precedent to the exception at 11 U.S.C. § 362(b)(24): In order *639 for a transfer to be “not avoidable under section 549,” as set forth in section 362(b)(24), it must be subject to section 549 in the first instance, Silva argues that section 362(b)(24)’s incorporation of section 549 is limited to debtor-initiated transfers and therefore does not apply to the post-petition recording of the Trustee’s Deed by the Bollags, who are creditors.
We have previously held that the automatic stay imposed by section 362(a) does not apply to debtor-initiated transfers. In re Tippett, 542 F.3d 684, 691-92 (9th Cir. 2008); In re Schwartz, 954 F.2d 569, 574 (9th Cir. 1992). Adopting Silva’s argument would render section 362(b)(24)’s incorporation of section 549 meaningless. If section 549 were determined to operate only to avoid debtor-initiated transfers, and if transfers that are “not avoidable under section 549” are similarly limited to debt- or-initiated transfers, then this portion of section 362(b)(24) would never apply because the stay does not apply to debtor-initiated transfers. See TRW Inc. v. Andrews, 534 U.S. 19, 31, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) (“It is ‘a cardinal principle of statutory construction’ that ‘a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.’ ” (citations omitted)).
We reject the theory advanced by Silva and hold that the applicability of section 362(b)(24) is not limited to transfers that could have been avoidable under section 549. Rather, the relevant inquiry for this portion of section 362(b)(24) is simply whether the transfer is not avoidable under section 549. This category captures transfers that fall outside the scope of section 549(a); transfers that fall within an exception to section 549(a) as set forth in subsections (b) and (c); and transfers that are barred by section 549’s two-year statute of limitations, 11 U.S.C. § 549(d).
2. The transfer to the Bollags would potentially be avoidable by the trustee pursuant to 11 U.S.C. § 544, but the statute of limitations has expired. The relevant portion of that statute provides as follows:
(a) The trustee ... may avoid any transfer of property of the debtor ... that is voidable by—
[[Image here]]
(3) a bona fide purchaser of real property ... from the debtor ... that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.
In other words, the trustee may avoid a transfer as a hypothetical good faith purchaser who has perfected a transfer of the property from the debtor at the time the bankruptcy case commenced. California is a race-notice jurisdiction requiring “every conveyance of real property to be recorded in order to be valid against a subsequent purchaser of the same property.” Robertson v. Peters (In re Weisman), 5 F.3d 417, 420 (9th Cir. 1993). The trustee could have potentially avoided the August 2009 purchase of the property by the Bollags—and the resultant post-petition recording of the Trustee’s Deed—because the conveyance was not recorded until October 2014 and was potentially invalid against a subsequent hypothetical good faith purchaser who had perfected a transfer in August 2010, which is when Silva filed the Chapter 13 bankruptcy petition.
Here, however, there is a two-year statute of limitations which limited the time period in which the trustee could take action to avoid any transfer based on section 544. That period commenced in August 2010 when the order of relief was entered in Silva’s bankruptcy case, see 11 U.S.C. §§ 301(b), 546(a)(1)(A), and expired *640 in August 2012 by which time Silva had not acted.
Silva contends that equitable tolling of the limitations period is appropriate here. We do not agree. A party seeking equitable tolling must establish (1) “that [s]he has been pursuing [her] rights diligently,” and (2) “that some extraordinary circumstances stood in [her] way.” Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1052 (9th Cir. 2013). Silva failed to act with reasonable diligence in pursuing her section 544 claim because she had actual and inquiry notice that the Bollags purchased the home as early as September 2009. Having concluded that Silva failed to diligently pursue her section 544 rights, the bankruptcy court did not err in declining to equitably toll the two-year limitations period. The transfer is therefore not avoidable under section 544.
3. Because the transfer is not avoidable under section 544 and section 549 pursuant to 11 U.S.C. § 362(b)(24), the filing of the bankruptcy petition does not operate as a stay. We therefore conclude that in this case the recording of the Trustee’s Deed is exempt from the statutory automatic stay of proceedings.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3,

. The bankruptcy court determined that the recordation of the Trustee’s Deed was exempt from the automatic stay pursuant to section 362(b)(3). Because we conclude that the Trustee's Deed was exempt pursuant to section 362(b)(24), we need not decide whether the exception in section 362(b)(3) also applies.