**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Holders of the BCAP LLC Trust 2007-AA1, | No. 19-16719 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02603-RFB-CWH |
| v. | MEMORANDUM* |
| MADEIRA CANYON HOMEOWNERS ASSOCIATION; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted September 2, 2020**
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and KENDALL,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

Deutsche Bank National Trust Company ("Deutsche Bank") appeals the district court's adverse grant of summary judgment in a declaratory judgment action. The parties are familiar with the facts and we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Branch Banking & Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2019), and affirm.

The non-judicial foreclosure sale and all notices relating to it took place during the pendency of the original property owner's bankruptcy. A bankruptcy triggers a "self-executing" and "automatic stay of actions by all entities to collect or recover on claims." *Burton v. Infinity Cap. Mgmt.*, 862 F.3d 740, 746 (9th Cir. 2017) (citing 11 U.S.C § 362(a); *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000) (en banc)). Although we have "not had occasion to decide whether notices filed pursuant to Nevada's non-judicial foreclosure statute" violate the stay, "acts that immediately or potentially threaten the debtor's possession of its property" do. *CitiMortgage, Inc. v. Corte Madera Homeowners Ass'n*, 962 F.3d 1103, 1110 (9th Cir. 2020) (quotation marks and citation omitted).

While recognizing "violations of the automatic stay are void, not voidable," *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992), the district court correctly concluded that Deutsche Bank—a creditor, rather than a debtor or trustee—lacked standing to challenge the violation of the stay. *See In re Pecan Groves of Ariz.*,

951 F.2d 242, 245 (9th Cir. 1991) (holding that "a creditor has no independent standing to appeal an adverse decision regarding a violation of the automatic stay"). Notwithstanding Deutsch Bank's attempts to narrow *In re Pecan Groves*'s holding, it applies by its own terms to all actions "seek[ing] to enforce the protections of the automatic stay," *id.*, and forecloses these arguments.

Deutsche Bank's assertions about the purportedly inequitable nature of the sale due to the low purchase price, and thus Elmer's status as a bona fide purchaser, are similarly unavailing. Nevada law requires "proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price." *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 643 (Nev. 2017) (citation omitted). Here, such proof is lacking.

**AFFIRMED.**[1]

---

[1] Appellant's Motion to Extend Time to File Reply Brief (Dkt. 35) is granted. Appellant's Motion to Supplement the Record on Appeal (Dkt. 38) is denied. Appellant's Stipulated Motion to Dismiss Madeira Homeowners Association from the appeal (Dkt. 42) is granted.