116 F.3d 484
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Virgil PRESTA, Appellant,
v.
Robert F. MCCLENDON; Meredith R. McClendon; Ronald G.
Brown, Trustee, Appellees.
 No. 95-36143.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 9, 1997*
Decided June 3, 1997.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel, No. WW-94-02278- TAsH; Tchaikovsky, Ashland, and Hagan, Judges, Presiding
 Before: LAY,** BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 On February 28, 1994, Robert F. McClendon and Meredith R. McClendon, husband and wife, filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code. At that time, Virgil Presta had pending in King County, Washington, a money damages action against the McClendons for, inter alia, breach of contract, fraud, breach of fiduciary duties and violations of the state Consumer Protection Act. On March 11, 1994, Presta moved for relief from the automatic stay in order to proceed to trial in King County on his claims against the McClendons. The bankruptcy judge conditionally granted the relief from the stay, ordering that
 
 
 3
 any default judgment shall not have res judicata or issue preclusion effect with respect to issues of amount or dischargeability and this Court shall reserve ruling on the issues of whether the plaintiff's claims against defendant debtors are nondischargeable pending resolution of the state court proceedings.
 
 
 4
 In re McClendon, No. 94-01633 (Bankr.W.D.Wash. Mar. 28, 1994) (order on motion for relief from automatic stay).
 
 
 5
 On March 30, 1994, Presta moved the bankruptcy court to reconsider its order. The bankruptcy judge did not rule on the motion and Presta proceeded to trial in state court. The McClendons did not appear to defend themselves. A jury returned a special verdict in favor of Presta and against the McClendons on all claims for $1,283,433. The McClendons then requested the bankruptcy court to clarify that its order included any judgment rendered in an action in which the McClendons did not defend themselves. The bankruptcy judge conducted a hearing on the reconsideration motion on July 12, 1994, but delayed ruling on it. While the motion to reconsider and the request to clarify were still under consideration on August 17, 1994, Presta obtained a judgment in state court. Finally, the bankruptcy judge denied Presta's motion to reconsider and ordered that the state court judgment would not have collateral estoppel or res judicata effect in the bankruptcy case.
 
 
 6
 Presta appealed to the Bankruptcy Appellate Panel (BAP). The BAP affirmed the bankruptcy court's ruling, holding the bankruptcy court did not abuse its discretion in conditioning its relief from the automatic stay as it did. The BAP found that the balance of equities supported the bankruptcy court's decision, reasoning that while reversal would burden the McClendons with a $1,283,433 nondischargeable judgment, affirming would not prohibit Presta from obtaining a judgment of nondischargeability in bankruptcy court.[1] This appeal followed.
 
 
 7
 At the heart of this case is the principle that a debt is not discharged in bankruptcy if it is incurred by fraud or false pretenses. 11 U.S.C. § 523(a)(2)(A). So if the state court judgment has its ordinary preclusive effect here, the bankruptcy court would be bound to hold that the McClendons owe Presta $1,283,433, that this debt was incurred by fraud, and that the debt is therefore not dischargeable.
 
 
 8
 Ordinarily, this result would give no real ground for pause, since it is clear that "[t]he full faith and credit requirement of [28 U.S.C.] § 1738 compels a bankruptcy court in a § 523(a)(2)(A) nondischargeability proceeding to give collateral estoppel effect to a prior state court judgment." In re Nourbakhsh, 67 F.3d 798, 801 (9th Cir.1995); see also Grogan v. Garner, 498 U.S. 279, 284-85 n. 11 (1991) ("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."). However, we must consider whether the bankruptcy court can restrict the preclusive effect of the state judgment prospectively.
 
 
 9
 On appeal, Presta urges that a plain reading of the bankruptcy court's order exempts only any "default judgment." He maintains that because the state court judgment was not a default judgment, the bankruptcy court's condition prospectively barring the judgment's preclusive effect is inapplicable on its face. However, we have reviewed the record closely and agree with the BAP that the bankruptcy court intended "default judgment" to include any judgment rendered, in an undefended state action.
 
 
 10
 The BAP recognized that the bankruptcy judge was acting to protect the McClendons from the expense of defending any state proceeding and the BAP therefore found that the order denied preclusive effect to any undefended state court judgment. The BAP found the McClendons relied upon this order and did not appear for any state proceeding.
 
 
 11
 We do not decide this case on the equitable principles applied by the BAP. First, we note that we agree with Presta that the bankruptcy judge had no authority to rule that the state court judgment would not have preclusive effect in the bankruptcy proceeding. The Bankruptcy Act provides:
 
 
 12
 On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
 
 
 13
 (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or (2) with respect to a stay of an act against property under subsection (a) of this section, if--
 
 
 14
 (A) the debtor does not have equity in such property; and
 
 
 15
 (B) such property is not necessary to an effective reorganization.
 
 
 16
 11 U.S.C. § 362(d). Lifting the stay on the condition that no preclusive effect would be given to the state court proceeding was not within the contemplation of the statute, but in effect a senseless and futile order; as written and intended it accomplished nothing.
 
 
 17
 Essentially, the bankruptcy court attempted to abrogate the obligation of federal courts to give state judicial proceedings "the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738. We hold a bankruptcy court lacks the authority to lift a stay of state court proceedings conditioned upon disregarding an act of Congress that requires all federal courts to afford state judgments preclusive effect. We find the court's order conditioning the lift of the stay to be an abuse of discretion.
 
 
 18
 The lift of the stay under § 362(d) and the condition attached here are clearly interrelated; the subsequent lift of the stay order is directly dependent upon the condition. We think it obvious that the stay would not have been lifted without the illegal condition attached. Because the orders taken together did not lawfully lift the automatic stay, the state court proceeding is a nullity as far as the bankruptcy proceeding is concerned. Cf. Parker v. Bain, 68 F.3d 1131, 1138 (9th Cir.1995) (holding that automatic stay provision rendered an appeal notice a nullity); In re Schwartz, 954 F.2d 569, 571-72 (9th Cir.1992) (holding that IRS tax assessment that violates the automatic stay is void as a matter of law); see also Constitution Bank v. Tubbs, 68 F.3d 685, 693 (3rd Cir.1995) (voiding district court's judgment entered in violation of the automatic stay).
 
 
 19
 We therefore vacate the order of the BAP on these grounds. We note there is little, if any, prejudice to Presta. He has pending in bankruptcy court a nondischargeability proceeding as to his claim against the McClendons, which has been stayed pending the outcome of this appeal. Furthermore, Presta sought his judgment in the state court while the bankruptcy court had under advisement the reconsideration of its decision. Thus, Presta proceeded in the state court knowing of the risk that his judgment might be given no preclusive effect as to dischargeability. In vacating the BAP's order, we direct the BAP to remand the case to the bankruptcy court with directions to vacate its conditional order lifting the stay and to proceed with the adversary proceeding on Presta's claim and his motion to exempt the claim from dischargeability.
 
 
 20
 VACATED and REMANDED.
 
 
 21
 IT IS SO ORDERED.
 
 
 
 *
 Argued as to the Appellant Submitted as to the Appellee
 
 
 **
 Honorable Donald P. Lay, Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Bankruptcy Judge Hagan concurred, observing:
 Here, the debtors were effectively given a license not to appear before the state court. A jury verdict had already been entered by the time the bankruptcy court rendered its decision declining to give the state court judgment any res judicata effect. Had the bankruptcy court reconsidered its decision, the debtors would have suffered irreparable harm as a result of their justifiable reliance on the earlier decision of the bankruptcy court. Presta, by contrast, proceeded with the state court trial while knowing of the risk that any verdict might be given no effect. Under the circumstances, the only equitable result was that reached by the bankruptcy court in this case. The fact that the debtors relied upon the order now mandates a full determination of nondischargeability in the bankruptcy court.
 In re McClendon, No. WW-94-2278, slip op. at 15 (B.A.P. 9th Cir. Sep. 25, 1995).