**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPHINE TIJERINO; TAMICKA TOLIVER; JANE ROE DANCER, *Plaintiffs-Appellants*,<br><br>v.<br><br>STETSON DESERT PROJECT, LLC, DBA Lé Girls Cabaret; CORY J. ANDERSON; CARY ANDERSON, *Defendants-Appellees.* | No. 18-16013<br><br>D.C. Nos.<br>CV 15-2563-SMM<br>15-2564-SMM<br>16-0408-SMM<br><br>OPINION |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Argued and Submitted July 9, 2019
Portland, Oregon

Filed August 16, 2019

Before: Ferdinand F. Fernandez, A. Wallace Tashima,
and John B. Owens, Circuit Judges.

Opinion by Judge Tashima

## SUMMARY[*]

### Labor Law

The panel reversed the district court's dismissal for lack of subject-matter jurisdiction of an action brought under the Fair Labor Standards Act and Arizona state law by a group of exotic dancers against the club at which they worked.

The district court held that it lacked jurisdiction because the dancers did not prove at the outset of the case that they were employees rather than independent contractors. Reversing, the panel held that the statutory requirement that plaintiffs must be employees as defined in the FLSA is a merits-based determination, not a jurisdictional limitation. Further, the dancers' complaints sufficiently alleged substantial issues of federal law. The panel remanded the case for further proceedings.

### COUNSEL

Andrew Sterling (argued) and Michael J. Rusing, Rusing Lopez & Lizardi PLLC, Tucson, Arizona, for Plaintiff-Appellant Jane Roe Dancer.

Clifford P. Bendau II, The Bendau Law Firm PLLC, Phoenix, Arizona, for Plaintiffs-Appellants Josephine Tijerino and Tamika Toliver.

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Laurent R.G. Badoux (argued), Buchalter APC, Scottsdale, Arizona, for Defendants-Appellees.

## OPINION

TASHIMA, Circuit Judge:

These are actions under the Fair Labor Standards Act ("FLSA") brought by a group of exotic dancers against the club at which they worked, for asserted violations of the FLSA and Arizona state law. The district court dismissed the suit with prejudice for lack of subject-matter jurisdiction because the Dancers did not prove at the outset of the case that they were employees rather than independent contractors. As we explain below, the district court erred in reaching that decision. We reverse and remand for further proceedings.

## BACKGROUND

Plaintiffs-Appellants Josephine Tijerino, Tamicka Toliver, and Jane Roe Dancer (collectively, the "Dancers") all worked as exotic dancers at Lé Girls Gentlemen's Club, a strip club in Phoenix, Arizona. The club is owned and operated by Defendants-Appellees Stetson Desert Project, LLC, dba Lé Girls Cabaret, Cory Anderson, and Cary Anderson (collectively, the "Club"). Initially, each dancer filed a separate complaint against the Club alleging violations of employment law. The Dancers all allege that the Club failed to pay them any wages in violation of the FLSA and willfully failed to pay them at the rate of Arizona's minimum wage in violation of the Arizona Minimum Wage Act. *See* 29 U.S.C. § 206(a); Ariz. Rev. Stat. § 23-363. Separately, Tijerino and Toliver allege that the Club failed to pay them

overtime wages in violation of the FLSA and willfully failed to pay their wages for labor in violation of the Arizona Wage Law. *See* 29 U.S.C § 207; Ariz. Rev. Stat. § 23-351. Jane Roe Dancer separately alleges that the Club was unjustly enriched in violation of Ariz. Rev. Stat. § 23-202.

Jane Roe Dancer filed her complaint as a collective action on behalf of herself and all other similarly situated individuals who worked at the Club as dancers. *See* 29 U.S.C. § 216(b). She filed a motion to consolidate the Dancers' cases, which the district court granted. She also filed a motion for conditional certification and to authorize notice to putative class members, and she included a declaration in which she provided information suggesting that the exotic dancers who worked at the Club were similarly situated for purposes of the FLSA. Shortly after the cases were consolidated, the parties submitted a proposed joint case management order in which they agreed that "[t]he basis for the court's subject-matter jurisdiction over plaintiff's claims is the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. . . ."

The district court denied the Dancers' motion to conditionally certify an opt-in class and dismissed the case with prejudice for lack of subject-matter jurisdiction. First, in denying the motion to conditionally certify a FLSA opt-in class, the district court called such a motion "premature." It held that Jane Roe "must satisfy her initial burden of alleging specific facts that permit an inference that she is an 'employee' (and the Defendants her 'employer') within the meaning of the FLSA." It also noted that the Dancers' status as employees or independent contractors of the Club was "unsettled," and ordered the Dancers to file a brief "on whether Plaintiff and her putative class are employees within the meaning of FLSA under the economic realities test."

The district court next denied the Dancers' renewed motion for conditional class certification and held that the Dancers were independent contractors, not employees. It held that § 216(b)'s requirement that *employees* bring actions under the statute constituted an "antecedent issue" of jurisdiction and thus that, if the Dancers were not employees under the FLSA, there could be no violation of the FLSA and therefore no federal question jurisdiction. The district court proceeded to evaluate the Dancers' employment status under the FLSA's economic realities test and declared them to be independent contractors. It then denied the Dancers' motion to conditionally certify a FLSA opt-in class based on a lack of subject-matter jurisdiction.[1]

Finally, the district court dismissed all three plaintiffs' cases with prejudice for lack of subject-matter jurisdiction.[2] The district court "reiterate[d] its position that employee status under the FLSA is an antecedent jurisdictional issue," and that plaintiffs had not "come forward with any evidence from which the Court could find a reasonable indicia of employment."

The Dancers appeal from the final judgment, the order dismissing the cases with prejudice for lack of subject-matter jurisdiction, and the order denying their renewed motion for conditional certification of an FLSA opt-in class.

---

[1] The district court later denied the Dancers' motion to reconsider this order.

[2] Although we need not examine the issue in detail because we reverse the district court's dismissal for other reasons, we note that, in general, dismissal for lack of subject matter jurisdiction should be without prejudice. *See Mo. ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017).

**APPELLATE JURISDICTION AND STANDARD OF REVIEW**

We have appellate jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject-matter jurisdiction. *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 974 (9th Cir. 2012). A district court's interpretation of federal law, such as the FLSA, is also reviewed de novo. *Id*.

**DISCUSSION**

## I. The district court erred in concluding that it lacked subject-matter jurisdiction.

Congress granted federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Supreme Court has held that "Congress has given the lower federal courts jurisdiction to hear . . . only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). "[A] federally created claim for relief is generally a 'sufficient condition for federal-question jurisdiction.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 (2012) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 317 (2005)). The FLSA provides such a claim for aggrieved employees to sue to recover unpaid minimum wages or unpaid overtime compensation, either individually or collectively. 29 U.S.C. § 216(b).

In order to determine whether the district court had subject-matter jurisdiction over the Dancers' claims, we ask two questions. First, we ask whether the employment status provision—the statutory requirement that plaintiffs must be employees as defined in the FLSA, 20 U.S.C. § 203(e), in order to prevail in a § 216(b) action—is a jurisdictional limitation on the statute's coverage such that it prevents the Dancers from moving forward with their claims. Second, we ask whether the Dancers' complaints survive the well-pleaded complaint rule to invoke federal question subject-matter jurisdiction.

### A. The Dancers' employment status is a merits-based determination, not an antecedent jurisdictional issue.

If the employment status provision of the statute is jurisdictional, then district courts would be required to analyze whether plaintiffs are employees under the FLSA at the outset of the litigation under Federal Rule of Civil Procedure 12(b)(1), as the district court did in this case. But if the employment status provision is an essential ingredient related to the merits of a claim, then whether plaintiffs are employees should be decided at summary judgment or trial, assuming the complaint sufficiently alleges that plaintiffs are employees.

In determining whether a statutory provision constitutes a jurisdictional limitation or an "essential ingredient" of a claim, the Supreme Court has set forth a bright-line test:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and

> litigants will be duly instructed and will not
> left to wrestle with the issue.  But when
> Congress does not rank a statutory limitation
> on coverage as jurisdictional, courts should
> treat the restriction as nonjurisdictional in
> character.

*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515–16 (2006)
(internal citation omitted).  A limitation on a statute's scope
counts as a jurisdictional limitation only if Congress clearly
"intended" it to be jurisdictional such that courts should raise
the issue "on their own motion." *Id.* at 514.  Otherwise courts
should treat the statutory threshold as nonjurisdictional. *Id.*

In *Arbaugh*, a restaurant challenged its former waitress'
Title VII sexual harassment claim after the close of trial,
arguing that the district court lacked subject-matter
jurisdiction over the case because Title VII's statutory
definition of "employer" did not include restaurants of its
size.  *Id.* at 504 ("Y & H asserted that it had fewer than
15 employees on its payroll and therefore was not amenable
to suit under Title VII.").  Noting the tendency of courts to
conflate subject-matter jurisdiction with the "plaintiff's need
and ability to prove the defendant bound by the federal law
asserted as the predicate for relief—*a merits-related
determination*," the Supreme Court set out to clarify this
"dichotomy." *Id.* at 511 (emphasis added).  The Court held
that, "if subject-matter jurisdiction turns on contested facts,
the trial judge may be authorized to review the evidence and
resolve the dispute on her own.  If satisfaction of an essential
element of a claim for relief is at issue, however, the jury is
the proper trier of contested facts." *Id.* at 514 (internal
citations omitted).

Subsequently, in *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010), the Court reasoned that courts should determine whether a statutory provision is jurisdictional by looking at the provision's "text and structure," as well as "context, and relevant historical treatment." *Id*. at 162, 166–68 (applying the *Arbaugh* test to hold that the Copyright Act's registration requirement was not a jurisdictional precondition to filing an infringement claim). The Ninth Circuit has applied *Arbaugh* and *Reed Elsevier* to employment-related statutory provisions. *See Day v. AT & T Disability Income Plan*, 698 F.3d 1091, 1099–1100 (9th Cir. 2012); *Leeson*, 671 F.3d at 978. A straightforward framework has emerged from this line of cases: when determining whether a statutory threshold is a jurisdictional barrier, we ask whether Congress clearly labeled the statutory requirement as jurisdictional and whether the requirement is located in a jurisdiction-granting provision; if so, Congress likely intended the provision to be jurisdictional. *See Reed Elsevier*, 559 U.S. at 160–69; *Day*, 698 F.3d at 1099–1100; *Leeson*, 671 F.3d at 970–79. Also helpful to our analysis is whether courts have historically treated the requirement as jurisdictional absent an express designation from Congress. *Reed Elsevier*, 559 U.S. aat 169. In this Circuit, we also ensure that "no other reasons necessitate[] that the provision be construed as jurisdictional." *Leeson*, 671 F.3d at 977. All of these factors help guide our analysis of the employment status provision in the FLSA.

Congress did not clearly label the FLSA employment status provision as jurisdictional. "As in all cases involving statutory construction, our starting point must be the language employed by Congress." *Am. Tobacco Co. v. Patterson*, 456 U.S. 63, 68 (1982) (internal quotation marks omitted). Here, the relevant provision of FLSA § 216(b) states:

> Any employer who violates the provisions of
> section 206 or section 207 of this title shall be
> liable to the employee or employees affected
> in the amount of their unpaid minimum
> wages, or their unpaid overtime
> compensation, as the case may be, and in an
> additional equal amount as liquidated
> damages . . . .  An action to recover the
> liability prescribed in the preceding sentences
> may be maintained against any employer
> (including a public agency) in any Federal or
> State court of competent jurisdiction by any
> one or more employees for and in behalf of
> himself or themselves and other employees
> similarly situated.

29 U.S.C. § 216(b).[3]  Section 216(b)'s requirement that
employers be liable to *employees* for violations of the FLSA
is not clearly labeled as jurisdictional.  In fact, there is not
even a mention of jurisdiction in this section (besides a
general reference to a "court of competent jurisdiction"), and
there is no indication whatsoever that employee status is a
jurisdictional limitation.  Compare this to the statute in *Reed
Elsevier*, in which even "the presence of the word
"jurisdiction" in the last sentence of [the statutory provision]"
did not render that requirement jurisdictional.  *Reed Elsevier*,
559 U.S. at 163.  In the "Definitions" section of the FLSA,
Congress defined the term "employee" to mean "any
individual employed by an employer," while also setting
aside exceptions to the term "employee" for certain

---

[3] 29 U.S.C. § 206 requires that non-exempt employees be paid the
minimum wage and § 207 requires that non-exempt employees be paid
overtime wages for hours worked in excess of forty hours in one week.

individuals employed by governmental entities, individuals who volunteer to perform services for governmental entities, and immediate family members of employers employed in agriculture. 29 U.S.C. § 203(e)(1)–(4)(A). Here too, there is no indication that the criterion of a plaintiff being an "employee" is in any way related to subject matter jurisdiction, let alone clearly labeled as jurisdictional.

Section 203(e) and § 216(b) are not located in jurisdiction-granting provisions of the statute. In *Arbaugh*, the Court concluded that Congress did not intend that Title VII's definition of the term "employer" be jurisdictional because Congress placed the term's definition in a section titled "Definitions"—"a separate provision that 'does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.'" *Arbaugh*, 546 U.S. at 515 (internal citation omitted); *see also Leeson*, 671 F.3d at 978–79 (Plaintiff's status as a plan "participant," for purposes of the Employee Retirement Income Security Act, was a substantive element of his claim—not a prerequisite for subject-matter jurisdiction—because the definition of "participant" appears in a provision that "does not speak in jurisdictional terms."). Here, Congress also placed § 203(e), which defines the term "employee," in a section titled "Definitions," and § 216(b) in a section titled "Penalties," neither of which speaks to jurisdiction. *See* 29 U.S.C. §§ 203(e), 216(b); *see also Day*, 698 F.3d at 1099–1100 (statute's minimum age requirement for plaintiffs alleging discrimination claims "appear[ed] in a separate provision that d[id] not speak in jurisdictional terms" and therefore was a substantive element of a claim rather than a jurisdictional limitation). Congress did use jurisdictional language in other sections of the FLSA, which suggests that Congress clearly did not intend the requirements of § 216(b) and § 203(e) to be

jurisdictional.  *See* 29 U.S.C. § 210(a) (stating that upon the filing of a petition for judicial review of a § 208 order in a specific court of appeals, "such court shall have exclusive jurisdiction to affirm, modify, . . . or set aside such order").

Furthermore, courts have not historically treated § 203(e) and § 216(b)'s employment status provisions as jurisdictional.  Although the Court in *Reed Elsevier* found previous treatment of the Copyright Act's registration requirement as jurisdictional, it still concluded "that § 411(a)'s registration requirement [was] nonjurisdictional, notwithstanding its prior jurisdictional treatment."  559 U.S. at 169.   Here, courts have not historically treated the employment status provision as jurisdictional; in similar cases, both the Fourth and Fifth Circuits have treated this question as nonjurisdictional.  *See McFeeley v. Jackson St. Entm't LLC*, 825 F.3d 235 (4th Cir. 2016); *Reich v. Circle C. Invs., Inc.*, 998 F.2d 324 (5th Cir. 1993).  Thus, all factors weigh in favor of construing the statute's employment status provision as nonjurisdictional.

There is no support for the district court's theory that the employment status provision constitutes an antecedent jurisdictional issue, and we can find no reasons that "necessitate[] that the provision be construed as jurisdictional."  *Leeson*, 671 F.3d at 977.  The district court attempted to distinguish cases like *Leeson* and *Day*, writing that "the controlling cases upon which Plaintiff relie[d] to refute the Court's decision that employee status is an antecedent issue [were] specific to Employee Retirement Income Security Act and Title VII of the Civil Rights Act cases – not FLSA cases."  But, aside from this conclusory statement, the district court did not provide any further analysis.  It provided no rationale as to why *Arbaugh*'s

framework is not controlling, other than to suggest that *Arbaugh* does not control merely because that case involved a different statute than the statute in this case. Instead, the district court cited *Rutherford Food Corp. v. McComb*, 331 U.S. 722 (1947), in support of its position that the exercise of jurisdiction over a FLSA complaint turned on whether the plaintiff was an employee. *Id.* at 727 ("Whether or not the acts charged in this complaint violate the [FLSA] depends, so far as the meat boners are concerned, upon a determination as to whether either of both respondents are employers of the boners."). The district court, however, overlooked that *Rutherford* was a decision reached on the *merits*, not on jurisdictional grounds. *See id.*[4]

In summary, under the *Arbaugh* test, it is clear that the FLSA's employment status provision in § 203(e) and § 216(b) should be construed as nonjurisdictional. Our conclusion is also supported by applications of this test to other employment-related statutory provisions. *See Day*, 698 F.3d at 1099–1100; *Leeson*, 671 F.3d at 979. Most importantly, Congress did not state that the statute's employment status provision was jurisdictional, and § 203(e) and § 216(b) are not located in jurisdiction-granting provisions of the statute. Finally, courts have not historically treated the employment status provision as jurisdictional. The term "employee" in the FLSA "serves to identify those plaintiffs who may be entitled to relief, not to limit the

---

[4] The district court also cited to *Dellinger v. Sci. Applications Int'l Corp.*, in support of this proposition. *Dellinger*, however, is distinguishable in that the plaintiff was never hired by nor performed any work for the defendant: a prospective employer. *See* 649 F.3d 226, 228 (4th Cir. 2011).

authority of federal courts to adjudicate claims" under the FLSA.  *Id.* at 978.

## B. The allegations were not so patently without merit as to justify dismissal for lack of subject-matter jurisdiction.

Having held that the FLSA's employment status provision in § 203(e) and § 216(b) is nonjurisdictional, we now turn to the Dancers' complaints to ensure that they allege a substantial issue of federal law that is sufficient to invoke subject-matter jurisdiction.  A complaint for relief properly invokes federal jurisdiction where its well-pleaded allegations establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27–28.  There is no federal question jurisdiction where the federal claim asserted is "too insubstantial," *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985), defined as so patently without merit that the claim requires no meaningful consideration.  *See Yokeno v. Mafnas*, 973 F.2d 803, 808 (9th Cir. 1992); *see also Cement Masons Health & Welfare Trust Fund for N. Cal. v. Stone*, 197 F.3d 1003, 1008 (9th Cir. 1999) ("Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits.").

Here, the Dancers' complaints facially allege substantial issues of federal law:  whether the Dancers could collectively recover damages under § 216(b) for the Club's failure to pay them at the required minimum wage and at the required overtime rate, for hours worked in excess of 40 per week, in violation of § 206 and § 207 of the FLSA.  Moreover, the

Dancers allege numerous facts supporting their claims that the Club owes them wages because they are employees under the FLSA, and relatedly, under Arizona state law. The claims in the Dancers' complaints are not "wholly insubstantial and frivolous," and are not so patently without merit as to warrant dismissal for lack of subject-matter jurisdiction. *Arbaugh*, 546 U.S. at 513 n.10. Therefore, there is federal question subject-matter jurisdiction to hear the Dancers' § 216(b) claims pursuant to 28 U.S.C. § 1331, and there is supplemental jurisdiction over the state law claims.

## II.  The Dancers' other arguments on appeal

The Dancers make two additional arguments on appeal. First, they ask us to remand with instructions to grant the Dancers' motion for conditional class certification under the FLSA. The district court did not reach a merits-based analysis of conditional certification because it erroneously determined that it lacked subject-matter jurisdiction over the case. Our holding that employee status under the FLSA is nonjurisdictional necessarily reverses the reasoning of the district court's denial of conditional certification. On remand, the district court will have the opportunity to determine whether to conditionally certify an FLSA collective action in accordance with our precedent. *See Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018) (discussing the "near-universal practice" of the two-step approach to conditional certification under § 216(b)). We deny the Dancers' request to remand with specific instructions to grant the Dancers' motion for conditional certification.

Second, the Dancers ask us to remand with instructions "to adjudicate the merits of the Dancers' claims in accordance

with well-established case law applying the FLSA's economic realities test." The district court applied the economic realities test in reaching its conclusion that it lacked subject-matter jurisdiction. Because we reverse the district court's conclusion that it lacked subject-matter jurisdiction, on remand, it will have the opportunity to address the economic realities test when it addresses the merits of the Dancers' FLSA claims. *See Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 750 (9th Cir. 1979) (evaluating the employment status of the plaintiffs on *summary judgment*). We doubt that the experienced district court is in need of any further instructions on remand.

## CONCLUSION

For the reasons set forth above, we reverse the district court's dismissal of these actions for lack of subject-matter jurisdiction, and remand for further proceedings consistent with this opinion.

**REVERSED and REMANDED.**