NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAYYA GRECHKO; LYUDMILA
GRECHKO,

        Plaintiffs-Appellants,

v.

CALISTOGA SPA, INC.,

        Defendant-Appellee.

No.   22-15295

D.C. No. 3:21-cv-06726-EMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted March 30, 2023[**]
San Francisco, California

Before:  McKEOWN, GOULD, and IKUTA, Circuit Judges.

    Mayya and Lyudmila Grechko appeal from the district court's order

dismissing their claim under Title III of the Americans with Disabilities Act

("ADA") for lack of subject matter jurisdiction.  We have jurisdiction under 28

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we review de novo a district court's dismissal for lack of subject matter jurisdiction. *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 (9th Cir. 2019). Because "both parties submitted declarations in connection with the motion to dismiss" but the district court did not hold an evidentiary hearing, we accept the allegations in the complaint "as true for the purposes of establishing jurisdiction and surviving a 12(b)(1) motion." *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1160 (9th Cir. 2007). We affirm.

The district court properly dismissed the Grechkos' amended complaint for lack of subject matter jurisdiction because the Grechkos failed to establish standing to seek injunctive relief under Title III of the ADA. To demonstrate standing under Title III of the ADA, a plaintiff "must not only demonstrate the familiar requirements for standing—injury-in-fact, traceability, redressability—but also 'a sufficient likelihood that he will be wronged again in a similar way.'" *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014) (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)). The Grechkos allege that, because of their disabilities, neither of them can share a bed with another person. They assert that Calistoga Spa's hotel violated the ADA by denying them a rollaway bed during their stay. They further allege that they are currently unable to visit Calistoga Spa because of its continuing ADA violations and that they would return if Calistoga Spa came into compliance. But

2

the amended complaint fails to allege that Calistoga Spa would deny the Grechkos a rollaway bed if they returned. Moreover, the allegation that Lyudmila has stayed at Calistoga Spa "for many years," including in the suite in which she was denied a rollaway bed, "and always requested and received a rollaway bed" undercuts the claim that Calistoga Spa remains out of compliance with the ADA. Even if Calistoga Spa violated the ADA by failing to provide a rollaway bed, the Grechkos have not alleged any "real and immediate threat" of Calistoga Spa denying them a rollaway bed in the future as required to establish standing. *See Ervine*, 753 F.3d at 867.

The district court also properly granted Calistoga Spa's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction without converting it into a motion for summary judgment. Dismissal under Rule 12(b)(1) rather than Rule 56 was proper because the jurisdictional and substantive issues are not "so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (quoting *Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.*, 711 F.2d 138, 139 (9th Cir. 1983)). The requirement that the Grechkos show a real and immediate threat of repeated injury to establish Article III standing is separate from the resolution of any factual issues going to the merits of the Grechkos' ADA claim. Further, the district court did not err by declining to hold an evidentiary

hearing because "even viewing the evidence in the light most favorable to [the Grechkos] and accepting [their] version of events, dismissal was appropriate." *McLachlan v. Bell*, 261 F.3d 908, 910–11 (9th Cir. 2001).

The district court erred, however, by dismissing the ADA claim with prejudice for lack of subject matter jurisdiction. "[D]ismissals for lack of Article III jurisdiction must be entered without prejudice because a court that lacks jurisdiction 'is powerless to reach the merits.'" *Barke v. Banks*, 25 F.4th 714, 721 (9th Cir. 2022) (citation omitted). Thus, we affirm the district court's dismissal of the amended complaint on the basis that the Grechkos lack Article III standing to bring their ADA claim, but we instruct the district court to enter an order of dismissal without prejudice.

**AFFIRMED with instructions to the district court to enter an order of dismissal without prejudice.**