**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 19 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUN DAM, <br><br>        Plaintiff - Appellant, <br><br>   v. <br><br> MARK D. WALDRON, Chapter 7 Trustee; Ms. PAMELA MARIE EGAN Esquire, Bankruptcy Counsel; POTOMAC LAW GROUP, PLLC; GIGA WATT BANKRUPTCY ESTATE, <br><br>        Defendants - Appellees. | No. 25-2459 <br><br> D.C. No. 2:24-cv-00417-SAB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Submitted March 19, 2026[**]

Before: CLIFTON, FRIEDLAND, and BENNETT, Circuit Judges.

Plaintiff-Appellant Jun Dam appeals the district court's order dismissing

with prejudice his claims against Defendants-Appellees. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

pursuant to 28 U.S.C. § 1291.

"We review de novo a dismissal for lack of subject-matter jurisdiction." *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 (9th Cir. 2019). We also review de novo "[a] district court's interpretation of federal law." *Id.* Because at this stage Defendants-Appellees do not contest the truth of Dam's factual allegations bearing on jurisdiction, in resolving this appeal, we accept Dam's allegations as true and draw all reasonable inferences in his favor. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). We construe pro se pleadings liberally. *Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016).

1. Though Dam sought to assert claims on behalf of third parties, he lacks prudential standing to do so. *See Coal. of Clergy, Laws., & Professors v. Bush*, 310 F.3d 1153, 1163 (9th Cir. 2002) ("It is a well-established rule that a litigant may assert only his own legal rights and interests and cannot rest a claim to relief on the legal rights or interests of third parties."); *see also Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself." (citation modified)). Under the prudential standing doctrine, "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Franchise Tax Bd. v. Alcan Aluminum Ltd.*, 493 U.S. 331, 336 (1990) (quoting *Warth v. Seldin*, 422 U.S.

490, 499 (1975)).[1]  Third-party standing is permitted only when three requirements are met: "(1) injury-in-fact; (2) close relationship to the third party; and (3) hindrance to the third party['s]" ability to protect his or her own interests. *Coal. of Clergy*, 310 F.3d at 1163.  Dam fails to plausibly allege a close relationship to the third parties or hindrance.

2.      The district court lacked jurisdiction over Dam's personal claims against Defendants-Appellees Mark Waldron, Pamela Egan, and Potomac Law Group, PLLC (collectively, the "Trustee Defendants").  Under the *Barton*[2] doctrine, "a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity."  *Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 970 (9th Cir. 2005).  Without leave of the bankruptcy court, "the other forum lack[s] subject matter jurisdiction over the suit."  *Id.* at 971.  The attorney for a trustee, who represents the estate under the direction of the trustee, is the functional equivalent of a trustee

---

[1] Unlike with Article III standing, forfeiture and waiver doctrines can apply to issues of prudential standing.  *See City of Los Angeles v. County of Kern*, 581 F.3d 841, 845 (9th Cir. 2009).  But here, Defendants-Appellees argue that Dam lacked standing to bring any third-party claims.  Though they mistakenly argue that Dam lacks Article III standing, we may "exercise our discretion to rule on [Dam's] prudential standing to bring this suit," *see id.* at 846, and we do so here.

[2] *Barton v. Barbour*, 104 U.S. 126 (1881).

3                                      25-2459

and thus is also protected by the *Barton* doctrine.[3]

Dam did not obtain leave of the bankruptcy court before filing this action. And his claims against the Trustee Defendants challenge "acts done in [their] official capacity[ies] and within [their] authority as []officer[s] of the Court." *See id.*, 421 F.3d at 974 (quoting *Leonard v. Vrooman*, 383 F.2d 556, 560 (9th Cir. 1967)). Even assuming the availability of the *ultra vires* exception when the plaintiff alleges that the trustee acted with an improper motive, *see Grant, Konvalinka & Harrison, PC v. Banks (In re McKenzie)*, 716 F.3d 404, 415–16 (6th Cir. 2013), Dam failed to allege plausibly that the Trustee Defendants acted *ultra vires*. Thus, the district court lacked subject matter jurisdiction over Dam's claims against the Trustee Defendants. *See In re Crown Vantage*, 421 F.3d at 971.

3.      A bankruptcy triggers a "self-executing" and "automatic stay of actions by all entities to collect or recover on claims." *Burton v. Infinity Cap. Mgmt.*, 862 F.3d 740, 746 (9th Cir. 2017) (citations omitted). The stay "applies to 'almost any type of formal or informal action against the debtor or property of the estate.'" *Id.* at 746–47 (quoting *Stringer v. Huet (In re Stringer)*, 847 F.2d 549, 552 n.4 (9th

---

[3] Though we have not so held in a precedential opinion, our sister circuits have agreed on this principle. *Lankford v. Wagner*, 853 F.3d 1119, 1122 (10th Cir. 2017); *McDaniel v. Blust*, 668 F.3d 153, 157 (4th Cir. 2012); *Lawrence v. Goldberg*, 573 F.3d 1265, 1269–70 (11th Cir. 2009); *Lowenbraun v. Canary (In re Lowenbraun)*, 453 F.3d 314, 321 (6th Cir. 2006). Because Dam does not specifically contest this point, we apply the principle here.

Cir. 1988)).  "[V]iolations of the automatic stay are void, not voidable."  *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992).

Dam violated the automatic stay by bringing claims against the estate.  *See Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1081–82 (9th Cir. 2000) (en banc).  Accordingly, to the extent that Dam's complaint alleged claims against the Giga Watt Bankruptcy Estate, the complaint was "of no effect."  *In re Schwartz*, 954 F.2d at 572.

4.      Dam's contrary arguments lack merit.  His reliance on *Stern v. Marshall*, 564 U.S. 462 (2011), is misplaced because "*Stern* doesn't preclude bankruptcy courts from adjudicating *Barton* claims."  *Blixseth v. Brown (In re Yellowstone Mountain Club, LLC)*, 841 F.3d 1090, 1097 (9th Cir. 2016).  His argument that a district court must conduct a threshold determination under 11 U.S.C. § 541 before enforcing the automatic stay is not supported by the one authority he cites in support of this contention.  *See Harris v. Viegelahn*, 575 U.S. 510, 518 (2015) (holding that, following a conversion from Chapter 13 to Chapter 7 bankruptcy, "postpetition wages must be returned to the debtor").  And though Dam asked the district court to lift the automatic stay, 11 U.S.C. § 362(d) "gives the bankruptcy court the power to grant creditors relief from the stay."  *In re Schwartz*, 954 F.2d at 572.  Dam's request to lift the automatic stay should thus have been directed to the bankruptcy court, not the district court.

5.      One error in the district court's order of dismissal, however, requires us to vacate and remand.  The district court dismissed Dam's claims with prejudice even though it held, correctly, that it lacked subject matter jurisdiction.  The district court generally must determine its subject matter jurisdiction at the threshold. *Potter v. Hughes*, 546 F.3d 1051, 1055 (9th Cir. 2008), *repudiated in other part by*, *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014) (criticizing the use of the term "statutory standing" to describe the zone-of-interests analysis).  And the district court ordinarily should dismiss any claims over which it lacks subject matter jurisdiction without prejudice.  *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam).  We accordingly vacate the district court's order of dismissal and remand with instructions to dismiss Dam's claims without prejudice for lack of subject matter jurisdiction.

**VACATED AND REMANDED WITH INSTRUCTIONS.**[4]

---

[4] Dam's motion for judicial notice (Dkt. No. 24) and Defendants-Appellees' motion for judicial notice (Dkt. No. 18) are denied as moot.  We allocate costs against Dam.