**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 24 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EPICENTER LOSS RECOVERY LLC,

Plaintiff - Appellant,

v.

BURFORD CAPITAL LIMITED;
GANYMEDE INVESTMENTS LIMITED,

Defendants - Appellees.

No. 24-721

D.C. No.
2:18-cv-03300-DJH

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted March 5, 2026
Phoenix, Arizona

Before: HAWKINS, BYBEE, and FRIEDLAND, Circuit Judges.

Plaintiff Epicenter Loss Recovery LLC ("Epicenter") appeals from an order

compelling arbitration and from the dismissal of its suit for lack of subject-matter

jurisdiction after the arbitration proceedings concluded. Defendants are two

foreign entities: Burford Capital Limited ("Burford") and its wholly owned

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

subsidiary Ganymede Investments Limited ("Ganymede"), against whom Epicenter asserted various tort and contract claims. We have jurisdiction under 28 U.S.C. § 1291 and 9 U.S.C. §§ 16(a)(3), 208. Reviewing the order compelling arbitration and the dismissal de novo, *Lambert v. Tesla, Inc.*, 923 F.3d 1246, 1248 (9th Cir. 2019); *Christensen v. Stevedoring Servs. of Am., Inc.*, 430 F.3d 1032, 1034 (9th Cir. 2005), we affirm.[1]

1. The district court correctly granted Defendants' motion to compel Epicenter to arbitration. The Federal Arbitration Act "requires courts to compel arbitration" if "a valid arbitration agreement exists." *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 509–10 (9th Cir. 2023) (quoting *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004)). We generally apply state law principles to interpret the relevant contract and discern whether it contains such an agreement, *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1044 (9th Cir. 2009), and the parties agree that Arizona law applies here. The district court did not err in concluding that the relevant contract contained a valid arbitration agreement under the doctrine of incorporation by reference in Arizona

---

[1] We conclude that the materials that are the subject of the parties' various motions for judicial notice, Dkt. Nos. 32, 42, 57, and Defendants' motion to supplement the record, Dkt. No. 41, are not relevant to the resolution of this appeal. We accordingly deny those motions as moot. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006).

law.  The contract in question provided that it was "subject to" a concurrently executed contract between the parties that contained a broad arbitration clause, which in turn incorporated a delegation clause.[2]  Under Arizona law, the phrase "subject to" is sufficient to incorporate those clauses by reference.  *See Indus. Comm'n v. Ariz. Power Co.*, 295 P. 305, 307 (Ariz. 1931); *see also United Cal. Bank v. Prudential Ins. Co. of Am.*, 681 P.2d 390, 420 (Ariz. Ct. App. 1983) ("The court in *Arizona Power* concluded that the 'subject to' reference to the plan was sufficient to incorporate it and that the plan did not have to be set out in full in the contract.").  Thus, by executing the contract, Epicenter agreed to arbitrate and to delegate questions regarding the arbitrability of its claims to the arbitrator.

Moreover, although Burford was not a signatory to that contract, the district court correctly permitted Burford to enforce the arbitration agreement through equitable estoppel.  Because the parties' arbitration agreement falls under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards,[3] commonly referred to as the "New York Convention," "federal

---

[2] The arbitration clause incorporated the London Court of International Arbitration Rules ("LCIA"), which provide the arbitrators with authority to decide arbitrability.  LCIA, art. 23.1.  Incorporation of those rules accordingly provided "clear and unmistakable evidence" that the parties intended to delegate questions of arbitrability to the arbitrator.  *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015).

[3] *See* United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3.

substantive law" applies to "threshold issues," such whether a non-signatory may enforce the arbitration agreement by estoppel. *Setty v. Shrinivas Sugandhalaya LLP*, 3 F.4th 1166, 1168 & n.1 (9th Cir. 2021) (citation modified).[4] Under federal estoppel principles, a signatory may be required to arbitrate its claim against a non-signatory if there is a "close relationship between the entities involved," and if "the claims [a]re intertwined with the underlying contractual obligations." *Mundi*, 555 F.3d at 1046 (citation modified); *see also Setty*, 3 F.4th at 1169. Those standards are easily met here. Burford and Ganymede (who was a signatory) have a sufficiently close relationship because, as Epicenter concedes, Ganymede is a wholly owned subsidiary of Burford, which Burford created for the "sole purpose" of entering into contracts with Epicenter. In addition, all three counts in Epicenter's Complaint were "intertwined" with the underlying contract. *Mundi*, 555 F.3d at 1046.

2. We affirm the district court's dismissal of Epicenter's action following the completion of the arbitration, but we conclude that dismissal should have been on the merits, rather than for lack of subject-matter jurisdiction. Because all of

---

[4] The district court applied Arizona law in assessing estoppel, but since its decision, our court has clarified that federal common law applies where the arbitration agreement falls under the New York Convention. *Setty*, 3 F.4th at 1168. Federal law dictates the same conclusion as the district court reached applying Arizona law.

Epicenter's claims were properly sent to arbitration, Epicenter cannot obtain relief

for those claims in court.[5]  But legal limitations on the court's authority to grant

relief go to the merits of the claim; they do not affect the court's jurisdiction.  *See*

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89–90 (1998) (explaining that

legal limits on "the remedial *powers* of the court" are not "jurisdictional").

**AFFIRMED.**[6]

---

[5] The parties offer no reason to believe that they would not relitigate Epicenter's claims in a new arbitration if the arbitral award were ever vacated.

[6] In general, dismissals for lack of jurisdiction must be without prejudice. *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 n.2 (9th Cir. 2019).  But given that the district court nonetheless dismissed the case with prejudice here, no remand to dismiss with prejudice is necessary.  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (explaining that "'with prejudice' is an acceptable shorthand for 'adjudication on the merits'" (citation modified)).