**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: DORIS J. BARRETT; WILLIAM BARRETT, | No. 19-60043 |
| Debtors, | BAP No. 19-1086 |
| ------------------------------ | |
| THE BANK OF NEW YORK MELLON, FKA The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58, | MEMORANDUM* |
| Appellant, | |
| v. | |
| 2298 DRIFTWOOD TIDE TRUST, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Taylor, and Faris, Bankruptcy Judges, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 23, 2020[]
San Francisco, California

Before:  HAWKINS, N.R. SMITH, and R. NELSON, Circuit Judges.

Appellant The Bank of New York Mellon (the "BoNYM") appeals the Bankruptcy Appellate Panel of the Ninth Circuit's ("BAP") order dismissing the BoNYM's appeal of a bankruptcy court order for a lack of standing. Standing is an issue of law that we review de novo. *Palmdale Hills Prop., LLC v. Lehman Commercial Paper, Inc.* (*In re Palmdale Hills Prop., LLC*), 654 F.3d 868, 873 (9th Cir. 2011). We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

In Doris and William Barrett's consolidated Chapter 7 bankruptcy proceeding, the bankruptcy court granted the motion of a creditor, 2298 Driftwood Tide Trust (the "Trust"), to retroactively annul the automatic stay related to certain real property of the debtors located in Henderson, Nevada.[1] BoNYM, a creditor with a deed of trust on the property, appealed the bankruptcy court's retroactive-annulment order to the BAP. Relying on *Tilley v. Vucurevich* (*In re Pecan Groves*

---

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] Because the bankruptcy court granted the Trust's retroactive-annulment motion, the bankruptcy court denied as moot BoNYM's motion seeking a determination that the foreclosure sale of the property violated the automatic stay.

*of Ariz.*), 951 F.2d 242, 245 (9th Cir. 1991), the BAP dismissed BoNYM's appeal for a lack of standing.

The BAP correctly determined that BoNYM does not have independent standing to appeal the bankruptcy court's grant of the Trust's motion for retroactive relief from the automatic stay. In this circuit, "only a 'person aggrieved,' that is, someone who is 'directly and adversely affected pecuniarily' by a bankruptcy court's order, has standing to appeal that order." *Harkey v. Grobstein* (*In re Point Ctr. Fin., Inc.*), 890 F.3d 1188, 1191 (9th Cir. 2018) (quoting *Fondiller v. Robertson* (*In re Fondiller*), 707 F.2d 441, 443 (9th Cir. 1983)). Applying this standard, we held in *In re Pecan Groves of Arizona* that "a creditor has no independent standing to appeal an adverse decision regarding a violation of the automatic stay." 951 F.2d at 245. We reasoned that "if the trustee does not seek to enforce the protections of the automatic stay, [then] no other party may challenge acts purportedly in violation of the automatic stay," because 11 U.S.C. § 362 "is intended solely to benefit the debtor estate." *Id.* Put differently, because the automatic-stay provisions of the Bankruptcy Code are intended "solely" for the benefit of the debtor and the debtor's estate, *id.*, individual creditor's interests do not "fall within the zone of interests protected by" the automatic-stay provisions of the Bankruptcy Code, *Sierra Club v. Trump*, 929 F.3d 670, 700 (9th Cir. 2019)

(quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014)).

The BoNYM argues unpersuasively that the "person-aggrieved" test should not be applied, because courts "generally do not invoke [the person-aggrieved] doctrine 'in instances in which the appellant was the party that brought the motion at issue on appeal.'" *In re Palmdale Hills*, 654 F.3d at 874 (quoting *Sherman v. SEC* (*In re Sherman*), 491 F.3d 948, 957 n.8 (9th Cir. 2007)). The BoNYM is appealing the bankruptcy court's grant of *the Trust's* motion for retroactive relief from the automatic stay. Thus, the BAP properly invoked the "person-aggrieved" test, because courts regularly invoke the doctrine when the appellant, like the BoNYM, "is a party other than the moving party." *Id.* (quoting *In re Sherman*, 491 F.3d at 957 n.8).

Next, because the BoNYM was not a party to the motion to retroactively annul the automatic stay, it must have "independent standing to appeal" the order. *See In re Pecan Groves of Ariz.*, 951 F.2d at 245. However, *In re Pecan Groves of Arizona* forecloses that possibility. The BoNYM, a secured creditor, simply does not have "independent standing to appeal an adverse decision regarding a violation of the automatic stay," because the automatic-stay provisions of the Bankruptcy

4

Code are intended "solely" to benefit the debtor and the debtor's estate. *See id.*; *see also Lexmark Int'l, Inc.*, 572 U.S. at 129.

The BoNYM offers no compelling reason why *In re Pecan Groves of Arizona*'s holding should not apply here. First, the BoNYM argues that "Congress intended to protect both debtors and creditors through the automatic bankruptcy stay." However, in *In re Pecan Groves of Arizona*, we rejected the creditors' argument that "the purpose of the automatic stay is to protect both the debtor and creditors," specifically finding that § 362 "is intended solely to benefit the debtor estate." 951 F.2d at 245.

The BoNYM next argues that *In re Pecan Groves of Arizona* should be cabined to its precise facts. However, by its plain terms *In re Pecan Groves of Arizona* cuts a much wider swath, holding that "a creditor has no independent standing to appeal an adverse decision regarding a violation of the automatic stay." *Id.* This holding was predicated, in part, on the finding that the automatic stay is intended "solely" for the benefit of the debtor and the debtor's estate. *Id.* Thus, although the BoNYM attempts to distinguish its facts from those of *In re Pecan Groves of Arizona*, it cannot escape the conclusion that the automatic stay is not intended to benefit individual creditors. *See id.* Thus, the BoNYM lacks standing,

because its interests do not fall within the "zone of interests" intended to be protected by the automatic-stay provisions of the Bankruptcy Code.

Finally, the BoNYM's attempts to cast doubt on the continued validity of *In re Pecan Groves of Arizona* are unsuccessful. The cases identified by the BoNYM do not undermine or call into question the continued vitality of *In re Pecan Groves of Arizona*'s holding. For example, the BoNYM argues that *Schwartz v. United States* (*In re Schwartz*), 954 F.2d 569 (9th Cir. 1992), supports finding that creditors have standing to pursue violations of the automatic stay. However, the sole issue addressed in *Schwartz* was "whether creditor violations of the Bankruptcy Code's automatic stay provision are void or simply voidable." *Id.* at 570–71. The court did not consider whether a creditor has standing to enforce violations of the automatic stay. Simply put, the court's determination that "Congress intended violations of the automatic stay to be void rather than voidable," *id.* at 571, does not undermine or somehow alter the holding in *In re Pecan Groves of Arizona*. Moreover, the other Ninth Circuit cases identified by the BoNYM that note that the automatic stay benefits creditors as well as debtors do not undermine or alter the holding in *In re Pecan Groves of Arizona*. Indeed, those

courts were not attempting to ascertain the "zone of interests" protected by 11

U.S.C. § 362 for appellate standing purposes.[2]

In sum, for bankruptcy appellate standing purposes, the automatic-stay

provisions in the Bankruptcy Code are intended "solely" for the benefit of the

debtor and the debtor's estate. *See In re Pecan Groves of Ariz.*, 951 at 245.

Therefore, "a creditor has no independent standing to appeal an adverse decision

regarding a violation of the automatic stay," *id.*, because the creditor's interests do

not "fall within the zone of interests protected by" the automatic stay-provisions of

the Bankruptcy Code, *see Sierra Club*, 929 F.3d at 700 (quoting *Lexmark Int'l,*

*Inc.*, 572 U.S. at 129). Thus, the BoNYM does not have standing to enforce the

---

[2] Also, contrary to the BoNYM's argument, *In re Leeds*, 589 B.R. 186
(Bankr. D. Nev. 2018) is not "directly on point." Aside from the fact this case is
readily distinguishable on its facts, the BoNYM relies heavily on Judge
Nakagawa's stated concerns that the holding in *In re Pecan Groves of Arizona* "has
been misstated," because there is significant authority supporting the "proposition
that the automatic stay is intended to benefit creditors, as well as debtors." *Id.* at
198 n.18, 200 n.22 (quoting *In re Int'l Forex of Cal., Inc.*, 247 B.R. 284, 291
(Bankr. S.D. Cal. 2000)). However, in the instant case, Judge Nakagawa
recognized that, "[a]lthough this bankruptcy court ha[d] expressed a different view
that the automatic stay also protects creditors [in *In re Leeds*], the Ninth Circuit
recently reiterated its view in *Pecan Groves* that the only parties with standing to
object to retroactive relief from stay are the debtor and the bankruptcy trustee." *In
re Barrett*, No. 08-13570-MKN, 2019 WL 5884234, at *8 n.15 (D. Nev. March 6,
2019) (unpublished) (citing *U.S. Bank, N.A. v. SFR Invs. Pool 1, LLC* (*In re
Petrone*), 754 F. App'x 590, 591 (9th Cir. 2019) (unpublished)). Thus, in light of
his statements in the instant matter, Judge Nakagawa's concerns in *In re Leeds* are
of diminished import.

automatic stay against other creditors, to oppose the motion for retroactive annulment of the automatic stay, or to appeal the bankruptcy court's grant of the retroactive annulment motion. *See In re Pecan Groves of Ariz.*, 951 F.2d at 245.

**AFFIRMED.**